CHEW HOY QUONG v. WHITE, Immigration Com'r.

(Circuit Court of Appeals, Ninth Circuit. August 6, 1917. Rehearing Denied October 8, 1917.)

No. 2926.

1. ALIENS ☞32(11)—HEARING ON APPLICATION FOR ENTRY—REHEARINGS.
    On application of a Chinese alien for entry, the commissioner has jurisdiction to order rehearings until the facts are sufficiently developed to afford a basis for his judgment.

2. ALIENS ☞32(12) — DEPORTATION OF CHINESE — DENIAL OF ADMISSION — FAIRNESS OF HEARING.
    An order denying admission to this country of a Chinese alien *held* to have been made after a fair hearing and to be sustained by the evidence.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Chew Hoy Quong against Edward White, Commissioner of Immigration at the Port of San Francisco. From an order sustaining a demurrer to the petition, petitioner appeals. Affirmed.

Dion R. Holm and Roy A. Bronson, both of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The court below sustained a demurrer to the petition of the appellant for a writ of habeas corpus on behalf of Quok Shee, who he alleged was his wife, and who had been denied admission to the United States and ordered deported to China. The proceedings before the immigration officials touching the right of Quok Shee to land were presented in court and deemed a part of the petition.

[1] The appellant contends that the records show, and that the fact was that Quok Shee was denied a full and fair hearing, and that the commissioner exceeded his power, in that after a first hearing and a favorable report by an immigrant inspector, a second hearing was ordered, and a contrary conclusion was reached. As to the latter contention, it appears that on September 5, 1916, the immigration inspector who conducted the first hearing recommended favorable action, notwithstanding that he noted a discrepancy in the testimony. Six days later the commissioner ordered a rehearing, and on September 15, 1916, upon the evidence thereupon adduced, the inspector reported unfavorably to the applicant, and on the same day the commissioner found that the existence of the relationship claimed was not established to his satisfaction, and denied the application. We entertain no doubt that the commissioner had jurisdiction to order rehearings until the facts were fully developed, or at least sufficiently developed to present a basis for his judgment. We find nothing in the record to justify the charge that the hearing was not full and fair.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The appellant contends that the case should have been reopened to afford him opportunity to explain the discrepancies in the testimony of the appellant and Quok Shee. The application to reopen was denied for the reason, as stated, that there was no apparent ground for assuming that any contradictory statements appearing in the record were due to a misunderstanding of the questions propounded, and that the newly proffered affidavit of the appellant was not new evidence, within the meaning of the regulations. The appellant's contention that the testimony was disregarded, and that there was no substantial evidence on which to base the order cannot be sustained. While it is true that the appellant and Quok Shee agreed in their testimony as to very many of the points concerning which they testified, it is also true that as to certain items there were distinct contradictions. They claim to have lived together as husband and wife for a period of seven months before leaving China. In their testimony they differed as to the number of times the appellant visited his native village during that period, as to the number of times that the adopted son of the appellant visited him, as to the question whether a member of the firm occupying the building in which they lived accompanied them to the steamer, as to who occupied the second floor of the building in which they lived, as to whether there was a fourth floor to the building, and as to other matters of like nature. In view of those discrepancies, it should not be said, as a matter of law, that there was no evidence to justify the conclusion of the immigration officials. They deemed those discrepancies "important and material," and their conclusion does not appear to rest upon the suspicious fact, adverted to in the report of the Assistant Commissioner General, that the appellant was 56 years of age, while Quok Shee was but 20, which omission or postponement on the appellant's part to comply with the ancient and established usage and customs of Chinese until so late in life was said to lend "suspicion to the relationship," since "Chinese customs frown upon the marriage of old men with young girls."

The judgment is affirmed.