## MANIGLIA v. COMMANDER OF THE GUISEPPE VERDI et al.

(District Court, D. Massachusetts.   April 30, 1925.)

No. 3035.

1. Habeas corpus ⚬—7—Court will not allow writ refused by another District Court unless substantial change of circumstances has intervened.

Where one District Court has decided that no grounds exist for judicial interference with administrative deportation proceedings, another court will not allow writ of habeas corpus unless substantial change in circumstances has intervened.

2. Aliens ⚬—54—Application for rehearing in deportation proceedings should be presented to local immigration authorities, and court has no authority to control their discretion.

Under rules and regulations of Department of Labor, application for rehearing in deportation proceedings should be presented to local immigration authorities, and court has no control of department in exercise of its discretion in passing on such application.

Application for writ of habeas corpus by Antonio Maniglia, as next friend of Calogero Maniglia, against the Commander of the Steamship Guiseppe Verdi and the Commissioner of Immigration.   Writ discharged, alien remanded to immigration authorities, and petition dismissed.

H. S. Avery, of Boston, Mass., for plaintiff.

Harold P. Williams, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for defendants.

BREWSTER, District Judge.   Calogero Maniglia came to this country on August 18, 1923. After hearing, held by the immigration authorities at Ellis Island, the alien was refused admission; the exclusion order being

based on three grounds, viz.: (1) that he was physically defective; (2) that he was likely to become a public charge; (3) that he obtained admission on an irregular passport improperly issued to him as a citizen of the United States.

The alien's father is a naturalized citizen of the United States, but the alien is not. The Department of State has refused to waive the irregularities of the passport.

Appeal was taken to the Commissioner of Labor at Washington, and after proper proceedings the excluding decision was affirmed, and arrangements were being made to deport the alien when a writ of habeas corpus issued out of the District Court for the Southern District of New York. The court, after summary hearing, dismissed the petition for the writ and ordered the alien remanded to the immigration authorities for deportation. An appeal was granted to the Circuit Court of Appeals and the alien was released on bail pending the appeal. About January 31, 1925, this appeal was withdrawn, and in March, 1925, the alien was surrendered to the authorities at Ellis Island for deportation, and he was placed on board the steamship Guiseppe Verdi on April 4, 1925.

In the meantime his counsel had undertaken by correspondence and personal interview at Washington to have the deportation stayed in order that the case might be again presented to the Department of Labor at Washington, and on April 2, 1925, the Department wired the attorney as follows:

"Answering letter and telegram regarding Maniglia no possibility of further hearing or different ruling. Manditorially deported deportable under law and having been through court the case cannot again come to this Department for consideration. Secretary of Labor utterly without discretion and since court ruling without jurisdiction."

[1] Shortly thereafter application was made to this court for a writ of habeas corpus. The writ having issued, the alien was taken from the steamship Guiseppe Verdi. This statement of facts is sufficient to indicate clearly that the case is not one that fails within the somewhat limited jurisdiction of this court in matters arising under the immigration laws. The District Court for the Southern District of New York has, in effect, decided that no grounds existed for judicial interference with the administrative proceed-

ings taken with reference to Maniglia, and while this decision may not be res judicata, it has long been the established practice that one court will not allow a writ when some other judge has refused it unless a substantial change in the circumstances has intervened. Ex parte Moebus (C. C.) 148 F. 39. When a party has had his day in court in one jurisdiction, he should not be heard on the same issues in another jurisdiction, unless it appears much more clearly than it does in the present case that a substantial injustice will be done by refusing to entertain his petition. A practice that will permit an alien to try one federal court after another for the same remedy should not be encouraged. For that reason I have refused in any way to review the case, as it came before Judge Hough in the District Court for the Southern District of New York.

A motion to amend the petition for the writ has been presented and allowed. I have considered the case on the amended petition, statements, and briefs of counsel, and I am wholly unable to see any justification for further interference by the court.

[2] The alien contends that the Department of Labor at Washington has proceeded upon an erroneous conception of its powers and jurisdiction amounting to an error of law. The telegram, above quoted, may well be held to amount to a refusal to reopen the case, had the Department authority so to do.

Without undertaking to determine just what the powers and duties of the Department of Labor are in the premises, it is clear from the rules and regulations of the Department that any application for a rehearing should be presented to the local immigration authorities at Ellis Island, who may stay deportation and request permission to reopen the case. Paragraph 1, subd. G. Immigration Rules of February 1, 1924. Such application would be addressed entirely to the discretion of the department charged with the duty of administering the immigration laws. The court has no authority to control the department in the exercise of this discretion.

The writ therefore will be discharged, the alien remanded to the immigration authorities, and the petition dismissed. I have no doubt that ample opportunity will be given the alien to request of the proper authorities, before deportation, a stay and rehearing.