QUOCK SO MUI v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. March 11, 1926.)

No. 4711.

1. Aliens ⬡⟶32(5)—Government's failure to produce one of witnesses in deportation proceeding because he could not be found held excused.

Government's failure to produce one of witnesses whose statements had been taken at time of alien's arrest for deportation because he could not be found was excused.

2. Aliens ⬡⟶32(12)—Evidence, in deportation proceedings for prostitution, of statement by person not produced, but claimed by her to be her husband, that he had wife in China, held harmless, where she testified to same effect.

In proceedings to deport Chinese woman for prostitution, admission in evidence of statements by person not produced, but who was claimed by her to be her husband, that he already had wife in China, was harmless, where she admitted truth of statement.

3. Aliens ⬡⟶32(9)—Hearing in deportation proceedings was not unfair, because interpreter was not in immigration service, where truth of statements made through interpreter was not denied.

Hearing in deportation proceedings was not unfair, because interpreter during proceedings before warrant was issued was not in immigration service, nor shown to be qualified, where questions propounded were readily answered, and truth of statements made through her was not denied.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Petition for writ of habeas corpus by Quock So Mui, also known as Sing Ho, also known as Quock Shee, also known as Qook Shee, against John D. Nagle, Commissioner of Immigration at the Port of San Francisco.

From an order dismissing the petition, petitioner appeals. Affirmed.

James M. Hanley, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is an appeal from an order dismissing a petition for writ of habeas corpus filed on behalf of a Chinese woman, ordered deported upon the ground that she had been found practicing prostitution after her entry into the United States.

Quock So Mui applied for admission to the United States at San Francisco on September 2, 1916, claiming to be the wife of Chew Hoy Quong, a merchant. Admission was denied. On appeal the order was affirmed. Chew Hoy Quong v. White, 244 F. 749, 157 C. C. A. 197. Subsequently a new petition was filed, setting forth that she had been denied the right to confer with counsel, and that the immigration authorities had received and considered an anonymous letter, which was not disclosed to her or to her counsel. The petition was dismissed by the District Court, but upon appeal the order of the District Court was reversed, with directions to issue the writ of habeas corpus. Chew Hoy Quong v. White, 249 F. 869, 162 C. C. A. 103. Presumably the writ was issued.

Thereafter in 1924 in a raid upon a certain house in San Francisco, appellant was found in bed with one Loui Mon Sun. Written statements of persons present were taken, warrant of the Secretary of Labor was issued, and hearing was ordered. After appellant was taken into custody, and after she was informed of the charge against her, and that she had the right to be represented by counsel, upon her request the matter was postponed, and on September 16, 1924, petitioner being represented by counsel, hearing was proceeded with. The statements that had been taken at the time of the raid was made upon the house where she was found were identified and put in evidence. Objection was made by counsel for the appellant, and demand was made that the persons who had made the statements should be produced for cross-examination. Postponement was had until November, 1924, when one of those who had made statements was produced and cross-examined. Afterwards, in Febru-

ary, 1925, another one of the witnesses was produced and cross-examined by the petitioner. At that time the examining inspector stated that Loui Mon Sun, one of those whose statements had been taken, could not be located, and that there were no further witnesses to be produced.

Appellant requested continuance, and in March, 1925, a further hearing was had, at which time appellant testified that she did not know what had become of Chew Hoy Quong, the man she had married years before; that he deserted her a little over a month after she landed in the United States; that she understood he was dead; that at the time of the raid Loui Mon Sun was her husband, and that they had then been married a little over three months; that she had married him by Chinese custom. She was advised that Loui Mon Sun had said that he was already married and that his wife was in China. To that she replied that, even if he had a wife, if appellant and Loui Mon Sun liked each other, they could live together as man and wife just the same; that he had had a wife in China; that, although the Chinese could marry as many wives as they pleased, Loui Mon Sun was afraid to admit he had two wives, for fear he would be deported.

The immigration authorities found the charges in the deportation warrant were true, and in due course final warrant was issued. We will not state the oral testimony taken at the hearing, but after reading it we conclude that it sustains the decision that appellant was found practicing prostitution.

[1, 2] The failure on the part of the government to produce Loui Mon Sun was because he could not be found. This excused the government from producing him. So far as appellant is concerned, however, a continuance had been granted in order to enable her to present her case and her witnesses; yet the alleged husband was not produced, and no request was made for a subpœna for him. It is very plain, though, that if he had been produced the result would not have been favorable to petitioner, for she herself stated that he had a wife in China. Thus he could not have been lawfully married to Quock So Mui when she was found with him (Yip Wah v. Nagle [C. C. A.] 7 F.[2d] 426), and the admission of his statement did no harm.

[3] There is no merit in the point that the hearing was unfair, because Miss Wu, who interpreted during the proceedings before any warrant was issued, was not in the immigration service, and was not shown to be qualified to act. The appellant seems to have answered readily all questions propounded through Miss Wu, and upon the more formal hearing, when an official interpreter was employed, she did not deny the truth of the statements she had made through Miss Wu. The record discloses no ground for issuing the writ.

Affirmed.