**LEE LOY v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. October 25, 1926.)

No. 4908.

**1. Aliens ☞32(13).**

Under Act Cong. Feb. 5, 1917, § 17 (Comp. St. § 4289¼ii), court cannot interfere with finding of Board of Special Inquiry excluding Chinese person, if there is any evidence to sustain it, nor review sufficiency of evidence, and department is not required to point out every defect in proof.

**2. Aliens ☞32(6).**

Interview between attorney and his client is not evidence in Chinese exclusion proceedings, and need not be transcribed.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Habeas corpus by Lee Loy, against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. Writ denied, and petitioner appeals. Affirmed.

George A. McGowan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge. The petitioner, upon arrival at the port of San Francisco by steamship, December 2, 1925, after examination by Board of Special Inquiry was denied entry. He appealed to the Secretary of Labor. Appeal was dismissed and deportation ordered. He petitioned the District Court for a writ of habeas corpus, and order to show cause was issued, and upon hearing the writ was denied. He seeks reversal on the ground that the hearing was unfair, and that the immigration authorities failed to transmit as a part of the transcript an interview of counsel with the petitioner; that the hearing was in error in that petition for rehearing was not allowed; that error was committed in failing to present a portion of the record, a certain alleged letter of transmittal.

[1] By the provisions of section 17, Act of February 5, 1917 (Comp. St. § 4289¼ii), the hearing before the department is final, if there is any evidence to support the finding. To justify a review by the court, there must be something more than "the basis of a dispute." Tulsidas v. Insular Collector of Customs, 262 U. S. 258, 43 S. Ct. 586, 67 L. Ed. 969. After taking the evidence all together, the department found the right to enter not sustained; if there is any evidence, the court cannot interfere. Jeung Bock Hong v. White, 258 F. 23, 169 C. C. A. 161. Nor can the court go into the sufficiency of the probative facts. White v. Young Yen (C. C. A.) 278 F. 619. Nor is the department required " * * * to point out in detail every discrepancy in the testimony and every defect in the proof that might give rise to a doubt." Dea Hong v. Nagle (C. C. A.) 300

F. 727, at page 729. The record does not disclose the omission from the record to the department of any evidentiary statement.

[2] The documents referred to in petition and arguments are not evidence. The department is not required by rule, or law, or justice to transcribe an interview had between the attorney and his client. The interview is not evidence. Nor does the petition set out any probative fact sought to be presented, but rather an analysis or explanation of discrepancies in the petitioner's evidence. No new evidence is tendered, nor the manner in which the discrepancies would be reconciled. See Chew Hoy Quong v. White, 244 F. 749, 157 C. C. A. 197; Maniglia v. Commander, etc. (D. C.) 5 F.(2d) 680. Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369, does not support the petitioner's contention. The court at page 11 (28 S. Ct. 202) said:

" * * * The petitioner was prevented by the officials * * * from obtaining testimony, including that of named witnesses, and that had he been given a proper opportunity he could have produced overwhelming evidence that he was born in the United States. * * * If the petitioner was not denied a fair opportunity to produce the evidence that he desired, or a fair though summary hearing, the case can proceed no farther."

In Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010, the applicant presented three named witnesses, and the court at page 463 (40 S. Ct. 569) said:

"With the result that said witnesses mutually recognized and identified the applicant as the person whom they had known as Kwock Jan Fat, and the applicant was equally prompt in recognizing said witnesses."

The petitioner had a fair hearing. The judgment is affirmed.