## Ex parte CHUN WING.

(District Court, W. D. Washington, N. D. March 21, 1927.)

No. 11156.

1. Aliens ⚖➝32(9)—Person of Chinese race, claiming as Hawaiian-born citizen, held not denied fair hearing by denial of judicial determination of right to enter.

Person of Chinese race, claiming admission as Hawaiian-born citizen in accordance with certificate of identity by commissioner of Immigration at port of Honolulu, *held* not to have been denied a fair hearing because of refusal of judicial determination of right to enter, where he was represented by counsel, fully informed of rights, and granted postponement for purpose of affording opportunity to present testimony of birth.

2. Aliens ⚖➝32(1)—Exclusion Act and treaty obligations preserve judicial determination of alien's right to remain after admission (Comp. St. § 4290 et seq.).

Judicial determination of alien's right to remain after admission is preserved by the Exclusion Act (Comp. St. § 4290 et seq.) and treaty obligations.

3. Aliens ⚖➝28—Return certificate did not adjudicate alien's citizenship, nor was former admission res judicata.

A return certificate, granted by immigration officer, with indorsement showing exception of right to enter of conceded status was false, *held* not to have adjudicated citizenship, and former admission was not res judicata.

4. Aliens ⚖➝31—Residence fraudulently obtained creates no right.

Residence in the United States, fraudulently obtained, creates no right.

5. Aliens ⚖➝32(5)—Person claiming admission must show citizenship.

Burden to show citizenship rests on person *claiming admission.*

At Law. Application by Chun Wing for a writ of habeas corpus. Writ denied.

The petitioner, of the Chinese race, claiming that he was born in the Hawaiian Islands, and when an infant was taken to China by his parents, returned to Honolulu October, 1921, and was admitted as a Hawaiian-born citizen. He was accompanied by an alleged brother, Chun Wah, likewise admitted. Certificate of identity was issued by the commissioner of immigration in charge at the port of Honolulu. On December 29, 1921, petitioner was admitted at the port of San Francisco upon the faith and credit of the certificate of identity without investigation. He was accompanied by his alleged brother, Chun Wah, also admitted. March 25, 1924, petitioner was granted a return certificate as a citizen by the immigration office at the port of New York, and departed for China via port of Seattle, April 2, 1924, returned to the port of Seattle, June, 1926, and after various hearings by a board of special inquiry was denied admission for the reason that his original landing at Honolulu was fraudulent. He appealed to the Secretary of Labor, his appeal was dismissed, and his deportation directed. He seeks a writ of habeas corpus, charging that he was denied a fair hearing, and that as a citizen of the United States he is entitled to a judicial determination of his right to enter, and that the summary proceeding denies him due process of law, violative of the rights guaranteed by the Constitution of the United States.

Guy E. Kelly and Thomas MacMahon, both of Tacoma, Wash., for petitioner.

Thos. P. Revelle, U. S. Dist. Atty., and C. T. McKinney, Asst. U. S. Dist. Atty., both of Seattle, Wash.

NETERER, District Judge. [1] The petitioner was accorded a fair hearing. The record would indicate that he is intelligent, and he was informed of his rights provided under the law. He was represented by counsel, and a postponement was taken for the purpose of affording petitioner opportunity to present testimony as to his nativity of birth, and that, at the expiration of the time, the petitioner had not presented further testimony and stated no further testimony would be offered. The record was transmitted to Honolulu, to obtain testimony of parties suggested by the petitioner. Everything in the record indicates that great consideration was given to the petitioner, his claim, and his right, and that a fair trial was accorded.

[2] The petitioner, through his attorney, cites a number of decisions for judicial determination in support of his contention. These decisions, however, are all predicated upon the Exclusion Act (Comp. St. § 4290 et seq.) and treaty rights. The judicial determination of the right to remain after admission is preserved by the Exclusion Act and the treaty obligations. The Supreme Court in Chin Yow, 208 U. S. 8, at page 12, 28 S. Ct. 201, 202 (52 L. Ed. 369), said: "The decision of the department is final, but that is on the presupposition that the decision was after a hearing in good faith, however summary in form."

[3] The return certificate (form 430) did not adjudicate the citizenship of the petitioner. The endorsement upon the return certificate shows exception is made to the right to enter, if the conceded status is found to be false, and if this had not been made, the former admission is not res adjudicata.

[4] Residence in the United States fraudulently obtained, creates no right. This court, in Ex parte Mac Fock, 207 F. 696, at page 698, said: "No lapse of time would ripen such a wrong into a right nor afford a basis upon which to predicate abuse of discretion," —and held that a residence of 17 years, predicated upon a certificate of the United States Commissioner McGettrick, and relying upon the investigation made of his right to reenter, he departed for China, and upon his return was excluded, because it was developed that the certificate was fraudulently obtained, was insufficient.

[5] The burden to show citizenship rests upon the petitioner. Lee Yuen Sue v. United States (C. C. A.) 146 F. 670; see also Chin Yow v. United States, supra, at page 13; Quon Quon Poy v. Johnson, 47 S. Ct. 346, 71 L. Ed. ——, February 21, 1927, not [officially] reported. In the last case the court said:

"It is clear, however, in the light of the previous decisions of this court, that when the petitioner, who had never resided in the United States, presented himself at its border for admission, the mere fact that he claimed to be a citizen did not entitle him under the Constitution to a judicial hearing, and that, unless it appeared that the departmental officers, to whom Congress had intrusted the decision of his claim, had denied him an opportunity to establish his citizenship, at a fair hearing, or acted in some unlawful or improper way, or abused their discretion, their finding upon the question of citizenship was conclusive, and not subject to review, and it was the duty of the court to dismiss the writ of habeas corpus without proceeding further."

See, also, Lee Loy v. Nagle (C. C. A.) 15 F.(2d) 50.

Clearly residence must be legal residence. Fraud vitiates everything, and the failure to prove or offer any evidence in support of citizenship other than the return certificate, upon the records in this case, does not show denial of a fair hearing.

Writ denied.