**KAICHIRO SUGIMOTO v. NAGLE, Immigration Com'r.** \*

No. 5921.

Circuit Court of Appeals, Ninth Circuit.
Feb. 17, 1930.

*Certiorari denied 50 S. Ct. 351, 74 L. Ed. ——.

Bianchi & Hyman, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Herman A. Van der Zee, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the District Court denying the petition of appellant for writ of habeas corpus. The question involved in the case is the right of the appellant, Kaichiro Sugimoto, a Japanese, to enter the United States upon his return from a trip to Japan. It appears that petitioner was admitted to Hawaii July 29, 1907, having arrived in Honolulu on the steamship Nippon Maru on that date. He came to San Francisco as a stowaway on a freighter and was smuggled through this port in August, 1907. He remained in the United States continuously from 1907 to July 18, 1928. During his residence in California he married, and two American-born children, the result of the marriage, are now living with the appellant's wife in San Francisco where he has an established restaurant business. The immigration authorities excluded appellant and ordered his return to either Hawaii or Japan on the ground that he could not lawfully re-enter after having left the United States, although by reason of his long residence of twenty-one years he could not have been lawfully removed from the United States had he remained here. Although he had first entered unlawfully, the statute of limitations had run in his favor.

The appellant attacks the order of exclusion on the ground that his first entry in 1907 was lawful; that he lawfully entered the United States when he was permitted to enter Honolulu in 1907; that he was therefore entitled thereafter to enter the port of San Francisco and continental United States under the laws of the United States, notwithstanding the proclamation of the President made the 14th day of March, 1907, prohibiting such entry; that therefore he was lawfully within the continental United States and under the law should be permitted to return after his temporary absence in Japan. This defense is predicated on two different propositions. The first proposition is the proclamation of the President prohibiting the entry of the Japanese in continental United States from the Hawaiian Islands was unauthorized and void and therefore his entry into San Francisco in 1907 was not prohibited or unlawful; and the other proposition is that by amendments to the immigration law the Hawaiian Islands are made a part of the United States geographically, and that therefore his entry into the Hawaiian Islands in 1907 was an entry into the United States, and that therefore he lawfully entered the United States in 1907, and that his return is authorized as a re-entry (8 USCA § 204). Neither of these positions is tenable. The proclamation of the United States was expressly authorized by an act of Congress. 34 Stat. 898, c. 1134, § 1. See Akira Ono v. U. S. (C. C. A.) 267 F. 359.

This proposition is so obvious upon reading the statute and the proclamation issued in pursuance thereof that an extended discussion seems entirely unnecessary.

The second proposition is equally untenable. The fact that, in subsequent legislation (section 28, Immigration Act of 1924, 8 USCA § 224), the Hawaiian Islands were declared for the purposes of that act to be included in the term "United States," does not alter the situation which existed by reason of the unlawful entry of the appellant into continental United States in 1907.

The provision of the statute to the effect that the Hawaiian Islands should be included in the "United States" was merely for the purpose of construing the act of 1924 itself, and not for the purpose of changing the status of the islands or of in any wise affecting past transactions. The residence of the applicant in the United States for so long a period did not change the character of his entry or in any wise increase his rights except as the government had seen fit to establish a statute of limitations for the ejectment of aliens so domiciled within the United States. So long as the applicant remained in the United States he was entitled to the benefit of this statute of limitations, but when he left with the purpose of returning and seeks to re-enter, thus asserting a new and additional right under the statute, he is confronted with the fact that he is not eligible for admission under the statute. See Hurst v. Nagle (C. C. A.) 30 F.(2d) 346; Ex parte Chun Wing (D. C.) 18 F.(2d) 119; Fanutti v. Flynn (D. C.) 17 F.(2d) 432. At the time of his original entry he was a laborer, and the fact that during his residence in California he changed his occupation from that of laborer to that of merchant does not change the situation so far as his admissibility is concerned. Tulsidas v. Insular Collector of Customs, 262 U. S. 258, 42 S. Ct. 47, 66 L. Ed. 403; Wong Fat Shuen v. Nagle (C. C. A.) 7 F. (2d) 611.

We are strongly impressed with the great hardship involved in the exclusion of this appellant under the circumstances after twenty-one years' residence. It compels him to abandon his established business in San Francisco, and either deprives his children, two native-born American citizens, of their natural protector and support, or requires them to be taken to Japan or the Hawaiian Islands in order that they may continue to receive the protection and support due them from their father. These considerations, however, are properly directed to the Legislature rather than to the judicial branch of the government.

The petitioner claims that if he returns to Hawaii he would be entitled to immediately return to San Francisco and enter, because under the Immigration Law of 1924 these islands are a part of continental United States. The position of the government to the contrary on this question, however, seems to be correct. 8 USCA § 173; Immigration Rules of March 1, 1927, Rule 7; 8 USCA § 204; President's Proclamation February 24, 1913. We need not, however, now decide that question.

Order affirmed.