### Ex parte MASUDA TATSUMI.
#### No. 20449–S.

District Court, N. D. California, S. D.
May 8, 1931.

Guy C. Calden and Russell W. Cantrell, both of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., of San Francisco, Cal.

ST. SURE, District Judge.

Petitioner, a subject of Japan, was, on July 13, 1928, admitted to the United States at the port of San Francisco under subdivision 2 of section 3 of the Immigration Act of 1924 (8 USCA § 203) as a temporary visitor for a period not to exceed six months, for the purpose of inspecting a Buddhist Sunday School. The Ko Sho Ji Buddhist Temple in

Japan assisted him in obtaining his passport, and upon arrival here he claimed to be a Buddhist preacher, and testified that he contemplated becoming a Buddhist priest. He presented a certificate reading as follows:

"Kyoto 7th of April, 1928, Teacher of Buddhist Sunday School Mr. Tatsumi Masuda, age 23 years 4 months, we delegate the above person to the United States of America for the six months in order to inspect our Sunday School for which we hereby certify."
"Signed: Kosho Ji Buddhist Sunday School,
"Koshyi Sect Provost Hasui Aoki."

Almost two months after the expiration of his six months' stay, about March 1, 1929, he became engaged as a bookkeeper by Z. Inouye, a treaty trader in the import and export business. Petitioner claims that he became the manager of this business about May 1, 1929.

On July 18, 1930, petitioner was taken into custody by the Commissioner of Immigration for the reason that he had remained in the United States for a longer period than permitted under the provisions of subdivision 2 of section 3 of the Immigration Act of 1924 (8 USCA § 203). On August 28, 1930, he was granted a hearing to enable him to show cause why he should not be deported. The record and findings of this hearing were forwarded to the Secretary of Labor at Washington, D. C., and on November 3, 1930, the Secretary of Labor issued a warrant of deportation, upon the ground that petitioner had remained in this country for a longer time than permitted under the Immigration Act.

Petitioner claims that he is entitled to a treaty trader status by virtue of subdivision 6 of section 3 of the Immigration Act (8 USCA § 203), and under article 1 of the Treaty of Commerce and Navigation between United States and Japan dated February 21, 1911 (37 Stat. 1504); that he had a right, while lawfully within the United States, to change his status from that of a temporary visitor to that of a treaty trader; that even though his alleged change of status did not take place until almost four months after the expiration of his six months' stay, it was timely because made before the institution of deportation proceedings.

In stressing claimed rights under the treaty with Japan, petitioner relies upon Metaxis v. Weedin, No. 5947, Ninth Circuit, May 26, 1930. The facts there were entirely different from those in the instant case. Metaxis, a subject of Greece, was admitted to the United States as a visitor on February 11, 1924, for a period of six months, and immediately entered into a partnership with his brother in mercantile business. Metaxis' admission was under the Quota Act of 1921 (42 Stat. 5) as amended by Act May 11, 1922 (42 Stat. 540), and it was under the provisions of that act and a supposed treaty with Greece that the Circuit Court held him to be permitted to remain in this country. On rehearing, however, the government called the court's attention to the fact that the treaty with Greece had been abrogated, thus presenting an entirely different situation, whereupon the court held that Metaxis should be deported. (C. C. A.) 44 F.(2d) 539. Since the entry of Metaxis in February, 1924, the law has been changed, and we now have the Immigration Act of May 26, 1924 (8 USCA §§ 145, 146, 166, 167, 179, 201–226, 229), which provides that any alien who remains longer than the time permitted by the act and regulations thereunder shall be taken into custody and deported.

Petitioner contends that he was lawfully within the United States at the time that he changed his status, when, as a matter of fact, his stay here was unlawful. The time of his temporary permit had expired, and under such circumstances attempting to take on the status of a treaty trader would avail him nothing. He applied for and obtained temporary admission under the immigration laws as an alien otherwise inadmissible. He entered into a solemn obligation with the authorities representing the United States government to depart within six months. At the expiration of that period his stay within the United States was unlawful, and he states he knew it was unlawful. Section 14 of the Immigration Act of 1924 (8 USCA § 214) provides that any alien who remains longer than the time permitted by the act and regulations thereunder "shall be taken into custody and deported." Under all the authorities an alien gains no rights by an occupation entered into while unlawfully in the country. Kaichiro Sugimoto v. Nagle (C. C. A.) 38 F.(2d) 207, certiorari denied 281 U. S. 745, 50 S. Ct. 351, 74 L. Ed. 1158; Wong Gar Wah v. Carr (C. C. A.) 18 F.(2d) 250; Wong Mon Lun v. Nagle (C. C. A.) 39 F.(2d) 844; Wong Fat Sheun v. Nagle (C. C. A.) 7 F.(2d) 611; Ewing Yuen v. Johnson (D. C.) 299 F. 604; In re Low Yin (D. C.) 13 F.(2d) 265.

Petitioner suggests that should he be deported, he might thereafter be admitted as a treaty trader under the provisions of the

treaty and the Act of 1924, and therefore the law should be construed to fit his case. But the express provision of the act will admit of no such construction. Furthermore, what petitioner's rights would be on attempting to re-enter is not now before the court. Marty v. Nagle (C. C. A.) 44 F.(2d) 695. There may be some hardship involved in petitioner's deportation under the circumstances, but, as was said by Judge Wilbur in Kaichiro Sugimoto v. Nagle (C. C. A.) 38 F.(2d) 207, 209, these considerations are properly directed to the legislative, rather than to the judicial, branch of the government.

The application for a writ of habeas corpus will be denied, and the petition dismissed.