**DUKAS v. ZURBRICK, District Director of Immigration.**

No. 6020.

Circuit Court of Appeals, Sixth Circuit.
March 11, 1932.

O. Guy Frick, of Detroit, Mich., for appellant.

Julian G. McIntosh, of Detroit, Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Theodore Dukas, the appellant, was held for deportation under a warrant charging that at the time of his last entry into the United States, on or about August 15, 1918, he was afflicted with gonorrhea, a loathsome, contagious disease, and that he had been found employed by, in, or in connection with, a house of prostitution. He was first arrested by the immigration authorities on March 2, 1922, and, from the record of the Bureau of Immigration which has been supplied for the inspection of the court, it appears that hearings were held on March 10 and 13, 1922,

at which the alien was represented by counsel and given full opportunity to present his defense. Upon the evidence there adduced the immigration inspector who conducted the hearing recommended deportation. The Board of Review confirmed the findings and the warrant issued April 6, 1922.

On November 20, 1923, the case was further considered by the Board of Review at the request of one of the Senators from Michigan, and deportation was stayed to enable the alien to finish some litigation and close his business affairs. On January 22, 1924, the request of a congressman to cancel the warrant was denied upon further consideration by the Board of Review. The case was then regarded as closed by the Bureau, except for the stay above mentioned. On March 4, 1924, a request was made by new counsel to examine the files. This was denied on March 18, 1924. On April 12, 1924, such new counsel requested that the case be reopened for the introduction of further evidence upon the charge that the alien was afflicted with gonorrhea at the time of his last entry. This motion was denied April 24, 1924. Since the last-mentioned date actual deportation has been stayed from time to time at the request of the alien until, instructions being issued to the immigration service on February 17, 1931, to carry the warrant into effect, habeas corpus proceedings were instituted before the District Court. On April 20, 1931, the preliminary writ theretofore issued was vacated and the petition was dismissed. The petitioner appeals.

■ The record brought here by appellant is fatally defective in that it does not appear that the file of the Bureau of Immigration was offered at the hearing, or whether or not other evidence was introduced. No bill of exceptions or statement of evidence is certified by the trial judge. Indeed, the final order recites only that the cause came on for hearing and was "argued by counsel for respective parties." The excuse tendered by counsel is that in Browne v. Zurbrick, Director of Immigration, 45 F.(2d) 931, 932, this court announced the following: "The complete record before the Commissioner of Immigration was used and referred to on the hearing before the District Judge; but so little of it is included in the record made up for us that we frequently cannot fully understand the questions involved. We have therefore in these cases directed, as we did in this case, that a complete certified copy of the Commissioner's record be filed in this court as and for a part of the return to the appeal, and

that it need not be printed, unless specially ordered." In the present case a certified copy of the record was not filed as a part of the return; it was not ordered to be so filed by this or the District Court; there is nothing to show that it was even presented to the court below. The holding in Browne v. Zurbrick, above quoted, was not intended to promote increased laxity upon the part of counsel in the preparation of their appeals, or to dispense with bills of exceptions and statements of the evidence. Obviously this court, by condoning extreme neglect and informality in one case, could not, and did not, establish a right to total future disregard of all fundamental principles governing appeals in other cases.

■ The above-noted defect and insufficiency in the record is enough to dispose of the present case, but were we here to accept the record of the Bureau of Immigration as a sufficient bill of exceptions, and as having been introduced as the sole evidence in the court below, a procedure which it should be understood is distinctly disapproved, and were we further to concede that the evidence of the alien's connection with or conduct of a house of prostitution was insufficient to sustain this charge of the warrant [Cf. Exedahtelos v. Fluckey, 54 F.(2d) 858 (C. C. A. 6) decided, December 30, 1931], a contention seemingly unsupported by the record, there is still substantial evidence to sustain the charge that at the time of his last entry the alien was afflicted with a contagious and loathsome disease which should have precluded his admission. A full hearing was given to appellant and no irregularity or erroneous application of rule of law intervened to invalidate the executive action. Were we even further to concede that the physician's statement, which it was sought to introduce by the motion to reopen, constituted a part of the record, we must still conclude that such statement was wholly inconclusive, and necessitated no different finding than that made by the District Court, and that, at least, the executive finding upon this charge was supported by substantial evidence, including the admission of the alien himself. Thus the refusal to reopen to permit the introduction of such evidence would form no ground for reversal in the present case even were not such applications addressed to the sound discretion of the commissioner. Maniglia v. Commander of the Guiseppe Verdi, 5 F.(2d) 680 (D. C., Mass.).

Upon both grounds above stated the decree of the court below must be affirmed, and

the appellant be recommitted to the immigration authorities for deportation. The cause is remanded for such purpose.