## UNITED STATES v. MUSSELSHELL STATE BANK OF MUSSELSHELL, MONT., et al.

### No. 1822.

District Court, D. Montana, Billings Division.
July 14, 1932.

Wellington D. Rankin, U. S. Atty., of Helena, Mont.

Stewart & Brown, of Helena, Mont., and Frederick V. Watts, of Roundup, Mont., for defendants.

PRAY, District Judge.

The question here is on the motion for judgment on the pleadings on the ground that defendants' answer does not state facts sufficient to constitute a defense. This motion is made in an action to recover from the Musselshell State Bank, insolvent, postal funds deposited with it by the postmaster at Musselshell, Mont., a short time before the bank closed, and to have the government claim arising on account of the deposit allowed as a preferred claim under section 191, title 31, USCA.

The claim was duly filed as a preferred claim, and at all times mentioned in the pleadings the successive receivers of the bank have refused to allow it as filed, except as hereinafter stated.

The postmaster, on or about December 6, 1922, purchased from .the bank drafts for postal funds aggregating $633.32, and the bank became insolvent and closed its doors on December 11, 1922, and a receiver was appointed to take charge under an order of the state court, that said bank is now and has been insolvent ever since that date, and that no part of the above sum has ever been repaid. But the defendant, in paragraph IV of the separate defense, now alleges: "That the defendant G. M. Robertson, as liquidating officer of said Musselshell State Bank is willing to recognize and does hereby recognize the claim of plaintiff as a preferred claim in the sum of $633.32, * * * "

Further, the defendant alleges there are no assets of the bank for the payment of the claim except the stockholders' liability fund, and that this fund must be distributed to all creditors "without regard to the rank or class or character of claims and without diminution;" this is according to the amendment in section 21, chapter 89, Laws of Montana of 1927. Prior to this amendment, there seems to have been no restriction placed upon the method of distribution. The fund so collected under section 6036, Revised Codes of Montana 1921, amounts to the sum of $5,334.68. Plaintiff has a preferred claim against the assets of the bank for the amount thereof. Section 191, title 31, USCA; United States v. First State Bank (D. C.) 14 F.(2d) 543.

The question now is, Do the preference rights of the government extend to the fund created, after the bank had closed, from collections made from stockholders upon their statutory liability? Defendant contends that the character of the preference sought by the government is not one of sovereignty, but wholly statutory, and therefore limited by the terms of the statute, citing several authorities to sustain its position, among them American Surety Co. v. Mullendore, Rec., 281 U. S. 725, 50 S. Ct. 239, 74 L. Ed. 1142, wherein this same act was under consideration, and the Supreme Court refused certiorari to review the Montana Supreme Court's decision, which held that section 3466, R. S. (31 USCA § 191), does not give surety companies, as subrogees of the United States, a preference in respect to funds in possession of the receiver of an insolvent bank collected from the stockholders upon their statutory liability. Continuing the argument, counsel for the government asserts that: "Whether or not the fund is or is not an asset of the bank would not seem the determining issue. The federal statute simply says that the debts of the United States shall be first satisfied, and clearly this is a fund, as the Florida Court says above, from which the debt may be satisfied."

The Florida case was McNeill v. Pace, 69 Fla. 349, 68 So. 177, 178, cited by the Montana Supreme Court in State v. Wibaux County Bank, .85 Mont. 532, 542, 281 P. 341. The Florida court held that: "While the added statutory liability of the stockholders may not strictly speaking be initially an asset of the banking company, it is a source from which 'all contracts, debts and engagements of such company' may be satisfied or performed."

The Montana case citing this authority held that section 3466 relates to property and assets of the debtor, and has no application to a trust fund created by statute; that the fund collected under section 6036 (Rev. Codes Mont. 1921), as amended, is not an asset of the insolvent bank, but is a trust fund collected from the stock for ratable distribution among all who are creditors at the date of the bank's failure. Counsel for plaintiff further notes that of all the numerous cases cited by the Montana court none involve "a preferred claim by the United States created by statute as in this case."

▮ To be sure, as held in United States v. Bliss (D. C.) 40 F.(2d) 935, 936: "The priority given the United States cannot be impaired or superseded by state law," but how can it be said that such priority has been impaired or superseded so far as the property

of the banking corporation is concerned, and that is the thing the federal statute in question seems to have been intended to reach. The fund derived from the stockholders is separate and distinct from the property of the defunct bank, and came into existence long after the bank closed as a means provided by the state statute for additional funds to be ratably distributed among the creditors, irrespective of rank or class or character of claims.

 Considering all the law presented on both sides, it does not seem to the court that the federal statute in question is broad enough to include such a fund in its claim to priority. Richmond et al. v. Irons et al., 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864, 870, 872.

While the denial of a writ of certiorari, as held in United States v. Carver, 260 U. S. 482, 490, 43 S. Ct. 181, 67 L. Ed. 361, imports no expression of opinion upon the merits, it is a circumstance that may well have thoughtful consideration, in connection with other related questions.

In view of the foregoing, the motion for judgment on the pleadings will have to be denied, and it is so ordered.