**Ex parte NAKAZO MATSUDA et ux.**

**No. 10740.**

District Court, S. D. California, C. D.
March 28, 1933.

J. Edward Keating, and Theodore E. Bowen, both of Los Angeles, Cal., for petitioners.

Samuel W. McNabb, U. S. Atty., and Harry Graham Balter, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

COSGRAVE, District Judge.

Habeas corpus to the immigration authorities in behalf of Nakazo Matsuda and Risa Matsuda, husband and wife.

Since 1893 both petitioners, laborers and natives of Japan, have been domiciled in Hawaii. In 1916 they left Hawaii, visited Japan, and returned after an absence of seven months. They were readmitted at Honolulu by the United States immigration service as returning residents on Japanese passports limited to Hawaii.

In 1929 they sought to come to continental United States to reside permanently. This application was denied, and they were allowed to come as temporary visitors only under section 3 of the Immigration Act of 1917 (8 USCA § 136). Overstaying the six months' period allowed, they were taken into custody and a hearing had, and on September 26, 1931 the Commissioner General of Immigration directed that petitioners might depart voluntarily on or before October 27, 1931, or in default thereof be deported. Warrant was issued on November 3d thereafter on the ground that petitioners had been found in the United States in violation of the Immigration Act of 1917. Application was thereupon made for writ of habeas corpus, and the matter is before the court.

Petitioners urge that they were residents of the Hawaiian Islands at the time of their annexation to the United States; that on their return to the islands in 1916 they were regularly admitted and lawfully resided therein until 1929, when they sought to enter continental United States; that, as lawful residents of the islands, which are part of the territory of the United States, the Secretary of Labor has no constitutional power to restrict their movements; and that by the terms of the Immigration Act of 1924 (8 USCA § 201 et seq.) petitioners are not immigrants, inasmuch as they do not come from a place outside the United States.

Petitioners entered the Hawaiian Islands in 1916, after the presidential proclamations of 1907 and 1913 were issued, on a passport from Japan, restricted to the Hawaiian Islands. It seems to me that they come within the terms of the presidential proclamation of February 24, 1913, since the passports were issued to go to a country other than continental territory of the United States.

The Immigration Act of 1907 (34 Stats. 898, § 1) provides that the President may, under certain circumstances, refuse to permit aliens, holding passports of their government to any country other than the United States, to enter the continental territory of the United States from the country to which the passport is issued. The presidential proclamation of March 3, 1913, after reciting the above provision of the act, further recites that the President is satisfied that passports, issued by foreign governments to aliens to proceed to countries other than the continental territory of the United States, are being used to enable the holders to come to the continental territory of the United States. The proclamation then orders that they be refused admission thereto. It is evident therefore that the presidential proclamations construe the term "United States," as used in the Act of 1907, as meaning the continental territory of the United States. Rule 8, subd. b, Immigration Rules of 1930, does likewise.

In substance, the case is similar to Kaichiro Sugimoto v. Nagle (C. C. A.) 38 F.(2d) 207, wherein in the opinion by Judge Wilbur the questions presented are discussed.

The power of Congress over aliens in the United States seems to be unrestricted. Yamataya v. Fisher, 189 U. S. 86, 23 S. Ct. 611, 47 L. Ed. 721. Oceanic Steamship Nav. Co. v. Stranahan, 214 U. S. 320, 29 S. Ct. 671, 53 L. Ed. 1013.

Writ is denied, and petitioners are remanded to the custody of the immigration authorities.