**UNITED STATES ex rel. DOUKAS v. WILEY et al.**

**No. 9187.**

Circuit Court of Appeals, Seventh Circuit. Feb. 7, 1947.

Rehearing Denied March 5, 1947.

---

Theodore G. Wood and Leo J. Lamberson, both of South Bend, Ind., for appellant.

Alexander M. Campbell, U.S. Atty., of Fort Wayne, Ind., James E. Keating, Asst. U. S. Atty., of South Bend, Ind., and Harry Kobel and Milo Rouse, Immigration Service, both of Detroit, Mich., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Appellant, an alien, appeals from an order dismissing his petition for a writ of habeas corpus, arising out of an order of deportation issued December 7, 1933, on the ground that appellant was in the United States in violation of 8 U.S.C.A. § 136(c) and § 155(a).

This is appellant's second appeal. Notwithstanding that the court in the first appeal, Dukas v. Zurbrick, 6 Cir., 56 F.2d 518, 519, held that "A full hearing was given to appellant and no irregularity or

erroneous application of rule of law intervened to invalidate the executive action," he says that the issues now presented were not considered in the first appeal, and contends that he was not afforded a fair hearing in the warrant proceedings conducted by the Immigration Service.

In the District Court appellant did not testify in his own behalf. In that court the evidence consisted of the record made before the immigration inspector and a stipulation of facts to the effect that from 1922 to 1933, at appellant's request, the deportation order was not executed because appellant was plaintiff in certain litigation.

An examination of the record thus made discloses that prior to March 1, 1922, a complaint had been made as to the character of the places appellant was operating and that he was not a citizen, and that on March 1, 1922, appellant stated to the immigration inspector that at the time of his last entry into the United States he was an alien and was afflicted with gonorrhea. A warrant of arrest was issued by the assistant Secretary of Labor on March 2, 1922, reciting: "Whereas, from evidence submitted to me, it appears that the alien Theodore Doukas * * * has been found in the United States in violation of the Immigration Act of February 5, 1917, for the following among other reasons: 'That he was afflicted with gonorrhea, a Loathsome Contagious disease, at the time of his entry.'"

On March 2, 1922, a hearing was conducted by the immigration inspector who had made the application for the warrant of arrest. At this hearing the inspector advised appellant of his right to be represented by counsel and the hearing was continued to permit appellant to obtain counsel. The hearing was resumed on March 10, 1922; appellant was present and was represented by Emil W. Columbo, his attorney. The warrant of arrest was read to appellant, and he was informed that the purpose of the hearing was to afford him the opportunity to show cause why he should not be deported to the country from whence he came. During the hearing appellant was charged with having violated § 155(a) of the Act and his counsel was advised that he could offer, if he desired, a defense to the charge.

Thereupon evidence was offered on behalf of the Immigration Service to the effect that during 1921 appellant had conducted a rooming house habitually frequented by prostitutes or where prostitutes would gather; that he was an alien, a native of Greece, who entered the United States in October, 1910; and that he has lived in the United States since that time with the exception of a few short trips to Windsor, Ontario, Canada, from Detroit, Michigan, the last trip being in August of 1918 when he went to Windsor for treatment for gonorrhea, after which, while afflicted with gonorrhea, he entered the United States at the port of Detroit, Michigan.

At the hearing of March 10, 1922, appellant testified that he was an alien, a native of Greece, and that during the summer of 1918 he went to Windsor, Canada, where he was treated for gonorrhea, and introduced the testimony of four witnesses. Subsequently, at the request of appellant's counsel, the hearing was reopened and another witness testified in appellant's behalf.

Appellant says he was not afforded a fair hearing because a new charge was added during the course of the warrant proceedings.

█ It appears that appellant made no objection to the filing of the additional charge. He had ample opportunity to meet the charge and he offered, in defense, the testimony of witnesses, hence the hearing was not unfair. Di Tomasso v. Martineau, 2 Cir., 97 F.2d 503.

Appellant also contends that the warrant of arrest was based upon a statement obtained from him while he was in jail; that a statement of one Marie Athan was improperly received in evidence; and that the immigration inspector was not an unbiased fact-finder.

█ True, in the case of Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103, it was held that statements received in evidence in violation of the Immigration Service regulations were sufficient

grounds for a reversal of the deportation order. Nevertheless, it is well settled that in proceedings such as these we do not review the evidence beyond ascertaining that there is some evidence to support the deportation order and that the administrative tribunal committed no error so flagrant as to convince a court of the essential unfairness of the trial. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106, 47 S.Ct. 302, 71 L.Ed. 560. It is also settled that the officer conducting the proceedings is not bound to observe the strict rules of evidence as enforced by judicial tribunals and that the improper admission of evidence is not a ground for reversal of the executive finding if the admission of that evidence has not resulted in a denial of justice. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221, and Tang Tun v. Edsell, 223 U.S. 673, 32 S.Ct. 359, 56 L.Ed. 606.

■ In this case, as before noted, appellant testified that he was an alien, and that during the summer of 1918 he went to Windsor, Canada, and was there treated for gonorrhea. The record shows that Athan testified as a government witness and that she was cross-examined by appellant's counsel. It also appears that these proceedings were conducted under the Immigration Rules of May 1, 1917, which did not prohibit the use of ex parte statements. Moreover, no objection was made to the use of the statements, and there is no evidence tending to show bias or prejudice on the part of the fact-finder.

We think these facts distinguish our case from Bridges v. Wixon, supra, and that under these circumstances no action of the immigration inspector resulted in a denial of justice, Reynolds v. United States, ex rel. Dean, 7 Cir., 68 F.2d 346; Low Wah Suey v. Backus, 225 U.S. 460, 32 S.Ct. 734, 56 L.Ed. 1165; and Bilokumsky v. Tod, supra, and we would not be justified in disturbing the findings he reached after a fair consideration of all the evidence.

■ The point is made that § 136(c) of the Act providing that persons afflicted with a loathsome or dangerous contagious disease shall be excluded from admission into the United States, does not apply to appellant because, as he says, he was not an immigrant on August 1, 1918.

This contention need not be discussed except to say that in the case of Volpe v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298, the petitioner, who had made a brief visit to Cuba, offered a like contention, but the court held that the second coming of an alien from a foreign country into the United States is an entry within the acceptation of the word. See also Siegel v. Reimer, D.C., 23 F.Supp. 643.

Finally it is urged that because of the delay in the execution of the deportation warrant, the warrant is now invalid.

■ What constitutes a reasonable time for detention for deportation depends upon the facts. Moraitis v. Delany, D.C., 46 F.Supp. 425; Consola v. Karnuth, D.C., 63 F.Supp. 727; and Seif v. Nagle, 9 Cir., 14 F.2d 416. In our case appellant was released on bond and from 1922 to 1931, at his request, execution of the warrant was delayed. Thereafter he filed a petition for writ of habeas corpus and when his case was affirmed (56 F.2d 518) he breached his bond. From 1932 to 1939 it was impossible to effect his deportation because he failed to advise the Immigration Service of his whereabouts. In 1939, after he had been apprehended, he was again released on bond, but because of the war, deportation was not practical. In this state of the record we are of the opinion that the warrant is not without force; on the contrary, it is valid.

Affirmed.