**UNITED STATES ex rel. KOEHLER v. CORSI, Commissioner of Immigration.**

**No. 445.**

Circuit Court of Appeals, Second Circuit.
June 13, 1932.

Harold Van Riper, of New York City, for appellant.

George Z. Medalie, U. S. Atty., of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

It has been urged that the deportation of the relator in June, 1929, was unlawful for reasons now sought to be advanced. In answer to that it need only be noticed that he had his day in court and after an adverse decision on his writ of habeas corpus took an appeal which he withdrew. The decision of the District Court then became final, and he was actually deported. Such deportation was therefore one "in pursuance of law" as the expression is used in 8 USCA § 180. What is sometimes called the law of the case became fixed when the decision of the District Court became final, and it is now too late to attack that deportation as one not in pursuance of law.

As an alien previously deported in pursuance of law, the relator was properly excluded under 8 USCA § 180 regardless of his physical condition or his likelihood to become a public charge. We do not base this decision on the latter two grounds, because the first is controlling. The proviso of section 180 relating to permission to reapply has to do only with aliens who were deported before March 4, 1929. This alien was deported after that, and so what is claimed to be implied permission to reapply for admission by virtue of the granting of the wife's petition for

a nonquota status for her husband would contravene the statute anyway. Furthermore, no such permission was expressly given and no request for it was made in the petition which did not even disclose the fact of former deportation. It is said that this fact was disclosed in the briefs filed, but what effect, if any, that could have, is left to await a time when it requires decision. As·no permission could have been given this alien to reapply, we will not assume that any was. It might be well to point out, however, that the nonquota visa issued to the relator had plainly printed upon it as required by 8 USCA § 202 (g) that: "This Immigration Visa will not entitle the person to whom issued to enter the United States if, upon arrival in the United States, he is found to be inadmissible to the United States under the Immigration Laws." Thus the effect of such finding as to his admissibility as had to be made by the Commissioner General as a preliminary to granting him a nonquota status [see 8 USCA § 209 (e)] was expressly limited to his admissibility as a nonquota immigrant, provided he was found upon arrival to be otherwise admissible.

Order affirmed.