**ROUHIB v. ZURBRICK, District Director of Immigration.**

**STAVRINOS v. NORTHRUP, Immigration Inspector, et al.**

Nos. 6434, 6525.

Circuit Court of Appeals, Sixth Circuit.

Nov. 7, 1933.

In No. 6494:

O. Guy Frick, of Detroit, Mich., for appellant.

Louis M. Hopping, of Detroit, Mich. (Gregory H. Frederick, of Detroit, Mich., on the brief), for appellee.

In No. 6525:

David D. Neiman, of Youngstown, Ohio (Kaufman & Neiman, of Youngstown, Ohio, on the brief), for appellant.

Marc J. Wolpaw, of Cleveland, Ohio (Emerich B. Freed, of Cleveland, Ohio, on the·brief), for appellees.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

■ While these cases were heard separately, they may be decided together. In neither case is there any proper bill of exceptions or statement of the evidence. It is true that in each case there is a so-called "Bill of Exceptions" stating that the respondent offered in evidence the original Department of Labor, Bureau of Immigration, file containing the record of hearing, as "Exhibit A," and the same was received in evidence; but this is wholly insufficient compliance with our rule 10 and with the general requirements of law. Dukas v. Zurbrick, 56 F.(2d) 518 (C. C. A. 6).

■ Nor do we think that the present cases fall within section 269 of the Judicial Code (28 USCA § 391), in that the defect may be considered as a mere technical error. On the contrary, the record omission strikes at the very right of the appellant to maintain his appeal. It would not be permissible for us to predicate a decision upon files of an administrative department, which files formed no part of the record in the case before us, and both litigants and counsel (most certainly counsel) are presumed to know the substantive law governing the prosecution of appeal and error proceedings and the preservation of questions for consideration of the appellate tribunal. It is with such a question of substantive law only that we are here concerned.

■ We might add that we are the more willing to take this position in the present cases since in both an examination of the documents outside the record discloses that in each instance the alien was granted a hearing before the administrative tribunals, and in each there was evidence upon which the decision to deport might reasonably have been predicated. Under such circumstances we are without power to disturb the executive decision. Gonzales v. Zurbrick, 45 F. (2d) 934 (C. C. A. 6); Exedahtelos v. Fluckey, 54 F.(2d) 858 (C. C. A. 6).

In each case the judgment of the District Court is affirmed.