**DASKALOFF v. ZURBRICK, District Director of Immigration.**

No. 7850.

Circuit Court of Appeals, Sixth Circuit.
May 4, 1939.

John G. Romanoff, of Detroit, Mich. (John G. Romanoff, of Detroit, Mich., on the brief), for appellant.

Louis M. Hopping, of Detroit, Mich. (John C. Lehr, U. S. Atty., and Louis M. Hopping, Asst. U. S. Atty., both of Detroit, Mich., on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

Appellant, claiming to be illegally detained on a warrant of deportation issued by the Secretary of Labor, filed a petition for a writ of habeas corpus, which was granted. This appeal is prosecuted from an order denying the petition, after hearing.

Appellant was arrested under a deportation charge on November 12, 1934, upon the ground that she was not at the time of entry entitled under the Immigration Act to enter the United States for the reason (a) that the immigration visa which she presented was not valid because it was procured by fraud or misrepresentation, and (b) that she had returned to and entered the United States after having been arrested and deported as a prostitute.

Title 8 U.S.C. § 136, 8 U.S.C.A. § 136, provides:

"The following classes of aliens shall be excluded from admission into the United States:

\* \* \*

"(g) Prostitutes \* \* \*."

Title 8 U.S.C. § 155, 8 U.S.C.A. § 155, provides:

"At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; any alien who shall have entered or who shall be found in the United States in violation of this sub-chapter, or in violation of any other law of the United States \* \* \* shall, upon the

warrant of the Secretary of Labor, be taken into custody and deported."

This section also contains a specific provision, hereinafter quoted in full, with reference to the exclusion of any alien who has been deported as a prostitute.

Appellant, a married woman, and a native of Bulgaria, entered the United States on October 28, 1909, and lived in this country from that time until February 26, 1921, when she was deported upon the ground that she was a prostitute. During this period appellant was divorced and married a second time. Her second husband was living at the time of her re-entry.

In 1923 appellant applied to the American consul at Sofia, Bulgaria, for an immigration visa to return to the United States. In December, 1925, she went to France where she remained until August 7, 1928, at which time a quota visa was issued to her by the American consul at Cherbourg. On October 27, 1928, appellant was readmitted into the United States for permanent residence. Upon her application for visa, made in France, instead of giving her correct name under which she had been deported, appellant gave her maiden name. She stated that she had resided in Bulgaria from 1920 to December, 1925, although she had been deported from the United States on February 26, 1921. She stated that she was a widow, although she was married, and she failed to give the residence and occupation of her husband. She represented to the American consul that she had not been deported and concealed the fact of her previous residence in the United States, and stated that she was not one of the excluded classes of aliens. All of these acts constitute violations of Title 8 U.S.C. § 207, 8 U.S.C.A. § 207, and were subject to penalty under § 220.

Title 8 U.S.C. § 131, 8 U.S.C.A. § 131, vests in the Department of Labor jurisdiction, supervision and control over the immigration of aliens into the United States.

■ The finding of the Secretary of Labor that misrepresentations were made upon the application for visa, and that the visa was thereby procured, appears in the warrant itself, and if true, justifies the order of deportation. Popa v. Zurbrick, 6 Cir., 45 F.2d 583. Appellant's claim is that she misunderstood the questions which she answered on making application for her immigration visa because she was questioned in French, without any interpreter, and that therefore she did not procure the immigration visa by fraud or misrepresentation. The presumption of official regularity obtains, and the plea that appellant misunderstood all of these questions has little weight. The answers appear upon the application in the English language to questions framed in the English language. Certain of the answers, such as the one which states that appellant's passage is "paid by fiance K. E. Daskaloff," indicate that she understood and correctly answered to her own advantage certain material interrogations. It is a telling coincidence that each of her incorrect answers was of such a nature that no suspicion of her previous deportation could be aroused by her application. There is substantial evidence to support the finding of the Secretary of Labor, sustained by the District Court, that the visa was secured by fraudulent representations.

In addition, the record is not challenged as to appellant's previous deportation upon the charge of being a prostitute. The warrant of deportation is in the record, with the return showing the execution thereof. Appellant admits that she is the person named in the warrant.

The pertinent section of the statute (Title 8 U.S.C. § 155, 8 U.S.C.A. § 155) is "any alien who, after being excluded and deported or arrested and deported as a prostitute * * * shall return to and enter the United States * * * shall upon the warrant of the Secretary of Labor, be taken into custody and deported."

■■ This requirement is clear and mandatory. It does not provide for reopening the previous deportation proceedings, and under it the inquiry is directed solely to the question whether the alien has in fact been deported as a prostitute. Irrespective of the guilt or innocence of the alien of the charge upon which she was first deported, under this statute one who has been deported as a prostitute is required upon the warrant of the Secretary of Labor to be again taken into custody and deported.

■ Appellant now claims that the accusations made against her in the first deportation proceeding arose out of jealousy upon the part of her first husband. But appellant was awarded a full and fair hearing upon that question. There is evidence upon which the order of deportation could

reasonably have been predicated, and it does not appear that there was the application of an erroneous rule of law. Under these circumstances the court is without power to set aside the determination of the Secretary of Labor. Exedahtelos v. Fluckey, 6 Cir., 54 F.2d 858; Rouhib v. Zurbrick, 6 Cir., 67 F.2d 570; Low Wah Suey v. Backus, 225 U.S. 460, 468, 32 S.Ct. 734, 56 L.Ed. 1165; Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938. The decision of the Secretary of Labor in these proceedings is final (Title 8 U.S.C. § 155, 8 U.S.C.A. § 155), and the alien cannot in this habeas corpus proceeding collaterally attack the validity of the prior proceedings. She falls within the class of excluded aliens, and her deportation is mandatorily required.

The order of the District Court is affirmed.