## UNITED STATES ex rel. BECK v. NEELLY.

### No. 10715.

United States Court of Appeals
Seventh Circuit.

Feb. 20, 1953.

Rehearing Denied March 17, 1953.

---

Albert W. Dilling and Kirkpatrick W. Dilling, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., John Peter Lulinski, Anna R. Lavin, Assts. U. S. Atty., Chicago, Ill. (John M. McWhorter, Acting District Counsel Immigration & Naturalization Service, of Chicago, Ill., of counsel), for appellee.

Before DUFFY, FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Petitioner, relator in a habeas corpus proceeding in the District Court, appeals from an order dismissing her petition.

The essential facts are undisputed. Petitioner, a citizen of Canada, entered the United States legally September 19, 1926, when some sixteen years of age. Three years later, she was brought before the United States immigration authorities in a deportation hearing, at which she was represented by counsel, and found deportable on the charge that she was an inmate of a house of prostitution. A warrant issued and petitioner left the country voluntarily on April 26, 1929. She reentered the same day without any legal permission so to do.

A little over a year later, June 20, 1930, she was again brought before the immigration officials who found that she was deportable because, at the time of her reentry following her first deportation, she had no immigration visa, was then likely to become a public charge, was a prostitute, had returned to the United States after having been deported, had reentered by means of false and misleading statements, without inspection, and was then a member of a class excluded by law. In pursuance of a warrant then issuing she was again deported on August 28, 1931.

About a month later, in September, 1931, she again entered the United States without a visa. Having been arrested on a warrant issued December 24, 1931, charging, among other things, that she had entered by means of false and misleading statements, at a hearing on February 23, 1932, she was found to be in the country illegally and again ordered deported April 5, 1932.

On September 23, 1931 petitioner had married a Cuban. Consequently, the Canadian government ruled that she was no longer a Canadian citizen, and refused to accept her as a deportee. The warrant of deportation could not be executed, as Canada persisted in its refusal to accept her until August 16, 1945.

In 1946 petitioner moved to reopen the proceeding on the ground that her admission of prostitution at the first hearing on March 12, 1929 had been secured by duress and coercion and that she had not then been represented by counsel. The motion to reopen was granted and the rehearing held on July 7, 15, 25, 31 and November 14, 1947, at all of which times she was represented by counsel of her own selection, except that on the last day, November 14, 1947 she waived counsel. At the conclusion of the hearing, the inspector found that she was an alien who had been arrested and deported in pursuance of law; that the Secretary of Labor had not granted her permission to reapply for admission; that she had reentered the United States, after having been deported as a prostitute, and that at the time of her entry she was not in possession of an immigration visa. She appealed to the Board of Immigration Appeals, which, on November 9, 1949, approved the finding and directed that she be deported to Canada.

The District Court, after hearing, entered an order denying petitioner's motions to quash the warrant, found the issues in favor of respondent, dismissed the writ and remanded petitioner to the custody of respondent. Assuming *arguendo,* but not deciding that petitioner may collaterally attack the record of previous deportation proceedings [1] we pass to the essential questions presented by petitioner, viz.: whether (1) there was a denial of fair hearing before the immigration authorities, (2) the latter's findings were supported by adequate evidence, and (3) any erroneous rule of law was applied. A subordinate question presented is whether the hearing on which the warrant of deportation of December 9, 1949 is governed by the Administrative Procedure Act.

The then applicable Act, 8 U.S.C.A. § 155(a), provided that any alien who, after being deported as a prostitute, shall return to and enter the United States, shall, upon the warrant of the Attorney General, be

---

[1] United States ex rel. Steffner v. Carmichael, 5 Cir., 183 F.2d 19; Daskaloff v. Zurbrick, 6 Cir., 103 F.2d 579; United States ex rel. Koehler v. Corsi, 2 Cir., 60 F.2d 123.

taken into custody and deported; section 213(a), that no immigrant shall be admitted to the United States unless she has an un-expired immigration visa or comes within certain other exempt classes not pertinent in this case, and section 214, that any alien found in the United States not entitled to entry shall be taken into custody and de-ported. Section 155(a) [2] also provided that in every case where a person is ordered deported from the United States, the deci-sion of the Attorney General shall be final.

▮ Under the statute the courts may not interfere with the administrative de-termination unless, upon the record, the proceedings were manifestly unfair or sub-stantial evidence to support the finding is lacking, or error of law has been committed, or the evidence reflects manifest abuse of discretion. U. S. ex rel. Schlimmgen v. Jordan, 7 Cir., 164 F.2d 633, 634. In other words, the findings of administrative offi-cials in charge in such cases will be set aside by the court only upon proof of at least one of these situations. Daskaloff v. Zurbrick, 6 Cir., 103 F.2d 579, 581; Yep Suey Ning v. Berkshire, 9 Cir., 73 F.2d 745; Louie Lung Gooey v. Nagle, 9 Cir., 49 F.2d 1016, 1017; Taranto v. Haff, 10 Cir., 88 F.2d 85; U. S. ex rel. Tisi v. Tod, 264 U.S. 131, 44 S.Ct. 260, 68 L.Ed. 590; U. S. ex rel. Rennie v. Brooks, D.C., 284 F. 908.

▮ With this rule in mind, we examine the evidence submitted upon the fairness of the hearings, including the original one of 1929. At that time petitioner was first questioned by the immigration inspector, in the absence of counsel. She stated that she had recently been arrested in Detroit, in a house of prostitution; that, while living there, she had had illicit relations with four or five different men; that she had had similar relations with men in Canada before coming to the United States, beginning when she was 14 years of age. Thereupon a warrant issued charging that she was in the country in violation of the law. A hearing was held on March 12, 1929, at which time she was represented by counsel of her own choice. A transcript of the statements she had previously made before the inspector was read to her and she was asked if the statements were true. In the presence of her counsel, and without ob-jection upon her part or that of her counsel, she replied that they were true and correct. Thereupon the transcript was received in evidence. Her testimony in the present proceeding is that the basis for issuance of the warrant consisted of false charges and that her testimony was given under duress. Inasmuch as it is undisputed that in her counsel's presence at the original hearing she admitted the truth of the statements without objection by her or by her counsel, the trial court was amply justified in finding that the hearing was fair; that no errone-ous application of the law was involved and that the administrative finding was justified and warranted the order of deportation.

True it is that at the time of the first interview with the inspector she was with-out counsel; but subsequently, at the hear-ing, she was represented by counsel and in his presence and, as we have seen, without objection, admitted the truth of what she had previously said, fully supporting the findings made. This is within the case of Low Wah Suey v. Backus, 225 U.S. 460 at page 470, 32 S.Ct. 734, 736, 56 L.Ed. 1165, where the court said: "This objection, in substance, is that, under examination be-fore the inspection officer, at first she had no counsel. Such an examination is within the authority of the statute, and it is not denied that at subsequent stages of the proceedings and before the hearing was closed or the orders were made she had the assistance and advice of counsel." To the same effect are U. S. ex rel. Bilokumsky v. Tod, 263 U.S. 149, 155–156, 44 S.Ct. 54, 68 L.Ed. 221, and Ung Bak Foon v. Prentis, 7 Cir., 227 F. 406, 409; United States ex rel. Di Battista v. Hughes, 3 Cir., 299 F. 99, 101 and 102.

▮▮ Petitioner insists that the review was conducted in violation of the provi-

2. Similar provisions appear in the present Act, 8 U.S.C.A. § 1101 et sequi. See sections 1182, 1251 and 1252.

sions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. It should be observed, however, that that Act specifically exempts proceedings originating before it became effective, September 11, 1946. She insists further that the hearing before Inspector Friedman in 1947, when the Act was effective, was in violation of the Act. Section 12 of the Act provides that "no procedural requirement shall be mandatory as to any agency proceeding initiated prior to the effective date of such requirement." In Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 515, 96 L.Ed. 586, where the proceedings were instituted before September 11, 1946, the court said: "Validity of the hearing procedures is questioned for noncompliance with the Administrative Procedure Act, which we think is here inapplicable." This language is decisive of the issue before us, for here, as there, the proceedings had been instituted before September 11, 1946. Furthermore, if we should assume *arguendo* that there is merit to petitioner's contention in this respect, she raised the objections too late. Thus, in United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 36, 73 S.Ct. 67, 68, the court said: "We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts. * * * Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."

Upon a full review of all the evidence we find that there was adequate substantial evidence to support the findings in each of the deportation proceedings; that there was no misapplication of the law; that the hearings were fair and that petitioner has no just cause for complaint.

The judgment is affirmed.