In the Matter of the Petition for Review of Jose Marques COUTO, Petitioner-Appellant,

v.

Edward J. SHAUGHNESSY, as District Director of Immigration and Naturalization for the District of New York, Respondent-Appellee.

No. 146, Docket 23319.

United States Court of Appeals, Second Circuit.

Argued Dec. 16, 1954.

Decided Jan. 20, 1955.

Nemeroff, Jelline, Danzig & Paley, New York City, Aaron L. Danzig, New York City, of counsel, for appellant.

J. Edward Lumbard, U. S. Atty., New York City, Harold R. Tyler, Jr., Asst. U. S. Atty., and Lester Friedman, Attorney, Immigration and Naturalization

Service, New York City, of counsel, for appellee.

Before SWAN, FRANK and HINCKS, Circuit Judges.

SWAN, Circuit Judge.

The appellant is an alien seaman, a native of Portugal, who was granted shore leave for 29 days when his vessel arrived at a United States port on February 24, 1953. Thereafter he deserted his vessel and has continued to reside here in violation of the immigration laws. Deportation proceedings were instituted on April 23, 1954 and he had a hearing, at which he was represented by counsel of his own choosing, before a special inquiry officer, who found him deportable but gave him leave to depart voluntarily. On June 10, 1954 the Board of Immigration Appeals dismissed his appeal, and he was notified that he must depart on or before July 16, 1954. Prior to that date he instituted the present suit under § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009. He moved therein for a temporary injunction and the respondent filed a cross-motion for summary judgment, supported by a complete transcript of the record in the deportation proceedings. Judge Dawson denied the motion for an injunction and granted the motion for summary judgment. The alien has appealed. With the appellee's consent deportation has been stayed pending the appeal.

There is no dispute as to the facts above stated. Obviously the appellant is deportable and the order directing deportation is unassailable unless there was some fatal defect in the administrative proceedings in which it was entered. The appellant contends that the order was void on two grounds: (1) because the hearing did not conform to the Administrative Procedure Act, and (2) because the official interpreter took no oath at the hearing to interpret truthfully.

In Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, it was held that administrative hearings in deportation proceedings must conform to the requirements of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. But the applicability of that decision was of short life. On September 27, 1950 there was enacted Public Law 843, 64 Stat. 1048, which declared: "Proceedings under law relating to the exclusion or expulsion of aliens shall hereafter be without regard to the provisions of sections 5, 7, and 8 of the Administrative Procedure Act (5 U.S.C. 1004, 1006, 1007)." Public Law 843 was repealed by the Immigration and Nationality Act of 1952. The exemption it declared was no longer necessary. The new Act substituted a complete code of law covering the field of immigration and nationality. Section 242(b) of the Act, 8 U.S.C.A. § 1252(b), sets forth the precise administrative procedure for the conduct of deportation proceedings, and states that "The procedure so prescribed shall be the sole and exclusive procedure for determining the deportability of an alien under this section." Since deportation hearings are thus specifically provided for by statute, they are clearly within the exception set out in section 7(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1006(a). Such was the holding of the Fifth Circuit in Marcello v. Ahrens, 5 Cir., 212 F.2d 830, 836. We agree with that decision.

The second point requires little discussion. Forty years ago this court held that an official interpreter, acting under his oath of office, need not be put under a special oath in each separate case. Jeung Bow v. United States, 2 Cir., 228 F. 868, 870; Lee Sim v. United States, 2 Cir., 218 F. 432, 436. The presently effective Regulations expressly provide that he need not. 8 C.F.R. 242.53(h). Furthermore, if this were a procedural defect, the alien waived it. He made no request at the hearing before the special inquiry officer that the interpreter be sworn, and first raised the objection on his administrative appeal. This was too late. See United States

ex rel. Beck v. Neely, 7 Cir., 202 F.2d 221, 224. Finally, there is no suggestion that the interpreter was not qualified in the Portuguese language or misinterpreted in any respect. Procedural irregularities must be prejudicial to justify judicial intervention. See Sumio Madokoro v. Del Guercio, 9 Cir., 160 F.2d 164, 167, certiorari denied 332 U.S. 764, 68 S.Ct. 68, 92 L.Ed. 349.

Judgment affirmed.