MATTER OF C——

In DEPORTATION Proceedings

A-2471655

*Decided by Board March 3, 1959*

**Deportation order—Collateral attack not permitted after alien has been deported—Deportation hearing—Lodged charges authorized in section 242(f) proceedings.**

(1) No collateral attack is permitted on an executed deportation order, notwithstanding later *coram nobis* action that resulted in vacating of conviction record supporting respondent's expulsion under section 241(a)(4) of the 1952 act.

(2) Respondent's surreptitious return to the United States in 1956, a year after his deportation, constitutes an "entry". Contention rejected that he should be considered as having constructively remained in the United States on the theory that he is no longer deportable on criminal grounds under section 241(a)(4) of the act.

(3) Issuance of order to show cause under section 242(f) of the act does not preclude lodging additional charges of deportability at the hearing.

CHARGES:

Order: Act of 1952—Section 242(f) [8 U.S.C. 1252(f)]—Unlawful reentry after deportation under 8 U.S.C. 1251(a)(4).

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)] Excludable at entry under 8 U.S.C. 1182(a)(17)—Arrested and deported, no permission to reapply.

Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 1182(a)(20)—No immigrant visa or other entry document.

Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 1182(a)(9)—Convicted of crime, unlawfully entering a building.

BEFORE THE BOARD

**Discussion:** This case is before us pursuant to the special inquiry officer's order of October 8, 1958, directing the respondent's deportation and certifying the case to this Board for final decision.

The respondent is a 60-year-old divorced male, a native and citizen of Italy, who states that he was lawfully admitted to the United

276

States for permanent residence on August 18, 1905. He was deported from this country on February 8, 1955, and last entered the United States about March 1956 without inspection. The sole issue to be determined is whether the respondent is deportable.

In the first proceeding, which culminated in the respondent's expulsion on February 8, 1955, he was found deportable under 8 U.S.C. 1251(a)(4) because of a conviction in 1917 for unlawfully entering a building and a conviction in 1919 for grand larceny, second degree. After a hearing on counsel's motion *coram nobis* in the criminal proceeding relating to the 1919 conviction, the court entered an order on October 25, 1957, granting counsel's motion to vacate the plea and sentence imposed. The respondent was thereupon arraigned on the indictment; he pleaded not guilty; and the court reserved decision on counsel's motion to dismiss the indictment. During the oral argument, it was indicated that the indictment was still pending but counsel stated that he was preparing a motion to have it dismissed for lack of prosecution.

The special inquiry officer concluded that the respondent was not subject to deportation on the charge stated in the order to show cause. This charge is not applicable to all aliens who have been deported but only to those deported pursuant to certain specified statutory provisions. Included is 8 U.S.C. 1251(a)(4) under which the respondent was deported. The special inquiry officer reached his conclusion on the theory that reinstatement of the previous order of deportation would not be proper in a case where, at this time, the respondent would not be deportable on the original charge. For the reasons hereinafter stated, we concur in the special inquiry officer's conclusion that the respondent is deportable on the lodged charges, and we find it unnecessary to consider the charge which was not sustained by the special inquiry officer.

The first lodged charge is predicated on the respondent's inadmissibility in March 1956 under 8 U.S.C. 1182(a)(17) as an alien who had previously been deported and who had not been granted permission to reapply for admission to the United States. This charge differs from that stated in the order to show cause in that it does not seek to reinstate the prior order of deportation, and it is the charge applicable to an alien previously deported on any ground.

Counsel contends that the granting of his motion *coram nobis* completely removed the conviction from the record and that this differs from an absolute executive pardon. No judicial or other authority was cited. We regard this distinction, if any exists, as unimportant. The order of October 25, 1957, in the *coram nobis* proceeding, which set aside the conviction for grand larceny in 1919, has been given retroactive effect in this deportation proceeding

because, even though the respondent was actually excludable in March 1956 by reason of his conviction of two crimes prior thereto, he is not charged in this proceeding with having been excludable on account of the 1919 conviction. Pardons have been given a similar retroactive effect in immigration cases. For example, in *Matter of H——*, 6 I. & N. Dec. 90 (1954), an alien who last entered in 1943 was then excludable because of a conviction prior thereto but she was held not to be deportable when she secured in 1953 a pardon for the crime, following the institution of deportation proceedings.

Along the same line, counsel also argues that the effect of the granting of the motion *coram nobis* was to wipe out *ab initio* the 1919 conviction for grand larceny. In other words, the contention is that we must now consider that this conviction was nonexistent on February 8, 1955, when the respondent was deported. We find no merit in this contention and hold that, as of October 25, 1957, this 1919 conviction ceased to exist but that, in truth and in fact, it was in existence on February 8, 1955.

It has heretofore been held that after deportation has been accomplished the alien will not be permitted to attack the validity of that deportation order in a subsequent expulsion or exclusion proceeding. *United States ex rel. Steffner* v. *Carmichael*, 183 F.2d 19 (C.A. 5, 1950), cert. den. 340 U.S. 829; *United States ex rel. Koehler* v. *Corsi*, 60 F.2d 123 (C.C.A. 2, 1932); *Matter of S——*, 3 I. & N. Dec. 83 (1949); *Matter of R——*, 3 I. & N. Dec. 605 (1949); *Matter of P——*, 3 I. & N. Dec. 818 (1950); *Matter of C——R——*, 4 I. & N. Dec. 126 (1950); *Matter of R——*, 4 I. & N. Dec. 173 (1950).

Counsel asserts that the cases previously decided have involved a change in the judicial or administrative interpretation of the law, and we agree that this is true except as to *United States ex rel. Koehler* v. *Corsi*, *supra*, and *Matter of C——R——*, *supra*. He seeks to distinguish the respondent's case on the ground that it involved not a change of interpretation, but a change of facts. Hence, his contention is that, for that reason, there should be a departure from the established rule in the respondent's case. We doubt that what was a fact on February 8, 1955, ceased to be a fact on or prior to that date by reason of some subsequent occurrence.

Assuming that under some fictional theory there can be such a thing as a retroactive change of facts, we do not find counsel's argument persuasive. In most of the cases cited above, a change in the interpretation of the law occurred after the alien's deportation. That means that those aliens had actually been deported erroneously. Nevertheless, when they were subsequently charged with excludability or deportability as aliens previously deported and not having permission to reapply, they were not permitted to say that

278

there was actually no deportation because the order had been entered erroneously. In the respondent's case, there was no error in the previous order of deportation because, until the court's order of October 25, 1957, in the *coram nobis* proceeding, the respondent was an alien who, in truth and in fact, had been convicted of two crimes involving moral turpitude.

We can perceive no logical basis for permitting the respondent in this proceeding to attack the validity of the previous order of deportation under a fictional theory concerning an asserted retroactive change of facts when the decided cases hold that this cannot be done even by an alien who was deported solely because of an erroneous interpretation of the law. Accordingly, we reject counsel's contention that the respondent's case is distinguishable on this ground.

During the oral argument, there was some discussion concerning our decisions holding that the law of the case becomes fixed at the time of deportation. While such a statement was made in *Matter of R——*, 3 I. & N. Dec. 605, *supra*, and *Matter of P——*, *supra*, we do not base our decision here on any such concept but solely on the primary proposition for which all of the cited cases stand, that is, that an alien who has been deported will not be permitted to attack the validity of that deportation order in any subsequent proceedings.

We have already indicated our opinion that under the factual situation existing at the time of the respondent's deportation on February 8, 1955, he had been convicted of two crimes involving moral turpitude, and the fact that one of the convictions ceased to exist on October 25, 1957, did not render the order of deportation invalid. When the respondent entered the United States in March 1956, he was, in truth and in fact, an alien who had been previously deported and who had not been granted permission to reapply for admission to the United States. Accordingly, we hold that he was excludable in March 1956 under 8 U.S.C. 1182 (a)(17) and that the first lodged charge is sustained.

In connection with the three remaining charges, it is clear from the record that the respondent entered without inspection in March 1956; that he intended to remain indefinitely; and that he did not have an immigrant visa or other entry document. Eliminating the conviction which was set aside in 1957, the respondent was excludable in March 1956 because of his prior conviction of a crime involving turpitude, that is, unlawfully entering a building. Counsel contends that we should waive these defects relating to the respondent's March 1956 entry although no statutory authority for doing so was cited and no such authority exists. 8 U.S.C. 1182(c) is specifically limited to aliens who proceeded abroad voluntarily and

not under an order of deportation, and it would also be inapplicable to the entry without inspection charge.

Counsel also contends that we should completely disregard the entry of March 1956 and consider that the respondent has constructively remained in the United States on the theory that he would not now be subject to deportation under 8 U.S.C. 1251(a)(4) and he did not depart from the United States voluntarily but was deported against his will. A similar contention was advanced and rejected in *Matter of S——, supra.* That case was decided prior to the Immigration and Nationality Act which contains a specific provision [8 U.S.C. 1101(a)(13)] that the term "entry" means any coming of an alien into the United States from a foreign port or place with one exception mentioned. It is further provided that no person whose departure was occasioned by deportation shall be entitled to the exception. Under these circumstances, we hold that the respondent made an entry in March 1956, and we conclude that he is deportable on the last three lodged charges mentioned above.

Counsel contends that the regulations preclude the lodging of additional charges where the proceedings are under section 242(f) of the Immigration and Nationality Act [8 U.S.C. 1252(f)]. He cites 8 CFR 242.6 which provides that the order to show cause in the case of an alien within the purview of section 242(f) shall charge him with deportability only under that section. However, this means only that the *order to show cause* shall not contain other charges but it does not preclude the *lodging* of additional charges. As a matter of fact, 8 CFR 242.22(d), which relates only to proceedings under section 242(f), specifically refers to the lodging of additional charges. Hence, we find this contention to be without merit.

Counsel contends that the offense of unlawfully entering a building in violation of section 405 of the New York Penal Code does not necessarily involve moral turpitude and that the charge that the respondent was excludable under 8 U.S.C. 1182(a)(9) should not be sustained. This same section of the New York Penal Code was carefully considered in *Matter of W——*, 4 I. & N. Dec. 241 (1951), in which the facts pertaining to the conviction were entirely analogous to the facts in the respondent's case. We there held that a conviction for unlawfully entering a building in violation of section 405 of the New York Penal Code involved moral turpitude. Accordingly, we adhere to our previous similar conclusion in the respondent's case.

During the oral argument, counsel stated that he believed that the court would grant his proposed motion to have the 1919 indictment for grand larceny dismissed; that the respondent's first marriage was terminated by divorce on December 12, 1958; and

that he will shortly marry a citizen of the United States. On this basis, counsel asked that the case be remanded to the New York office for consideration as to the granting of discretionary relief. We will not remand the case on the assumption that certain contingencies may occur, and approval of the special inquiry officer's order will be directed. However, if the indictment for grand larceny is dismissed, counsel may file a motion for reconsideration.

**Order:** It is ordered that the special inquiry's officer's order, directing deportation, be and the same is hereby approved.