**Alex YU, Laura Yu**
v.
**Lorraine W. HURNEY, District Director of Immigration and Naturalization, Respondent.**

**Civ. A. No. 28469.**

United States District Court
E. D. Pennsylvania.

March 27, 1961.

George Gershenfeld, Philadelphia, Pa., for plaintiffs.

Walter E. Alessandroni, U. S. Atty., by Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

KRAFT, District Judge.

We have before us a petition for review of a final order of the Immigration and Naturalization Service.

The material facts are undisputed and may be briefly summarized. Petitioners, Alex Yu and Laura Yu, are husband and wife, natives and citizens of China who presently reside in Philadelphia, Pennsylvania.

Alex Yu entered the United States on October 6, 1948, as a student, and ad-

justed his status to that of a permanent resident on August 22, 1957, under Section 6 of the Refugee Relief Act of 1953, 50 U.S.C.A.Appendix, § 1971(d).

Laura Yu entered the United States on September 21, 1953, as a student. Petitioners were married on December 31, 1953, and are the parents of a child born in San Francisco, California, on May 24, 1955.

Laura Yu attended college in the United States but was made the subject of deportation proceedings on the ground that she had failed to maintain her status as a non-immigrant student, in that she was not carrying a full course of study. The deportation proceedings resulted in an order on August 8, 1956, directing, in the alternative, her voluntary departure or her deportation.

The wife petitioner is now employed by the Remington Rand Univac Division of the Sperry Rand Corporation as a senior programmer, a position of some responsibility. The employer's petition to establish first preference quota status for her was approved on November 18, 1958, and that status remains in effect. As the spouse of an alien lawfully admitted for permanent residence, Laura Yu would also have been eligible, at that time, for third preference quota status, but no visa petition to establish such status was filed by her husband.

Thereafter, Congress enacted Public Law 86–363, effective September 22, 1959, Section 6 of which provides (8 U.S.C.A. § 1153 Note):

"Notwithstanding the provisions of sections 3 and 20 of the Refugee Act of 1953, as amended, special nonquota immigrant visas may be issued to aliens eligible to enter the United States for permanent residence under all the applicable provisions of the Immigration and Nationality Act: PROVIDED, That each such alien is found to be the beneficiary of a visa petition approved by the Attorney General pursuant to section 203(a) (2) and (3) and section 205 of the Immigration and Nationality Act prior to January 1, 1959, and such petition was filed by a person lawfully admitted into the United States under the provisions of the Refugee Relief Act of 1953, as amended: PROVIDED FURTHER, That, upon his application for an immigrant visa, and for his admission into the United States, the alien is found to have retained his relationship to the petitioner and status, as established in the approved petition."

On December 14, 1959, Alex Yu filed a visa petition to establish third preference quota status [1] for his wife, with the request that the petition be approved nunc pro tunc as of a time prior to January 1, 1959, in order that the benefits of the Act might enure to her.

The Immigration and Naturalization Service held that it was without authority to ante-date the approval of the petition to a time prior to January 1, 1959, but did approve it as of February 4, 1960.

Upon the filing of the petition, we entered a rule to show cause why the petition to establish third preference quota status should not be approved as of November 1958.

After a careful review of the statute, we are unable to find any provision which expressly or impliedly authorizes the retroactive approval of a petition to establish a quota status. Petitioners contend that "the granting of a Preference encompasses all Preferences of a lesser degree that appear on record at the time of the approval of the original Preference." We discover no difference in degree among the so-called "preferences"; the difference is in kind. Section 203(a) of the Act, 8 U.S.C.A. § 1153(a), provides for the allotment of

1. As defined in Sec. 203(a) (3) of the Immigration and Naturalization Act.

immigrant visas within quotas, and establishes four separate and distinct classes or categories based on separate and distinct conditions and factual situations. A reading of Section 203(a) (1) discloses that the qualifications for a beneficiary are one " * * * whose services are determined by the Attorney General to be needed urgently in the United States because of the high education, technical training, specialized experience, or exceptional ability of such immigrants and to be substantially beneficial prospectively to the national economy, cultural interests, or welfare of the United States." The remaining categories are based on the marital status of the immigrant or the immigrant's relationship to citizens or alien residents of the United States. A visa petition for first preference status must be filed, as set forth in Section 204 (b), by a "person, institution, firm, organization, or governmental agency" desiring the alien's services. On the other hand, a visa petition for third preference status under Section 203(a) (3) must be filed, as required by Section 205 (b), by the alien spouse of the alien beneficiary.

It is clear, then, that the designation "first," "second," etc., "preference status" is purely sequential and implies no primacy or superiority of status such as to support an inclusionary inference. Accordingly, we find no merit in petitioner's contention that approval of a visa petition to establish one quota status has the effect of establishing some other and entirely different quota status.

This case, like so many of its kind, is undoubtedly a hard one. It is our duty, however, to apply the law as it is given us, and not to rewrite it.

### Order

Now, March 27, 1961, it is ordered and decreed that the rule to show cause be, and it is, discharged, and the petition is dismissed.