MATTER OF M—C—

In DEPORTATION Proceedings

A-10466862

*Decided by Board May 17, 1961*

**Petty offense—Section 4, Act of September 3, 1954—State statute punishing crime either as felony or misdemeanor—Benefits limited to aliens "otherwise admissible."**

(1) Conviction of crime (statutory rape) which is punishable under California law in the discretion of the court either as felony or as misdeameanor (imprisonment in county jail for not more than one year) may be treated as conviction for "petty offense" within section 4, Act of September 3, 1954, where respondent was sentenced to six months in county jail, sentence suspended, and placed on probation. (Cf. *Matter of C—O—*, 8—488.)

(2) While respondent qualifies as petty offender, he was not "otherwise admissible" at time of last entry, not being in possession of required immigrant visa, and, hence, he cannot be granted section 4 exemption in respect to such entry.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(9), convicted of crime involving moral turpitude, to wit, rape.

Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

**BEFORE THE BOARD**

**DISCUSSION:** An order entered by the special inquiry officer on November 25, 1960, grants the respondent voluntary departure in lieu of deportation as an alien who last entered the United States without inspection (8 U.S.C. 1251(a)(2)). The special inquiry officer, pursuant to the authority contained in 8 U.S.C. 1182a (Public Law 770, September 3, 1954), found the respondent eligible for a waiver of the charge that he is deportable as an alien excludable at the time of entry because of his conviction of a crime involving moral turpitude, to wit, rape. The examining officer excepts to the finding that the respondent is eligible for a waiver under 8 U.S.C. 1182a, *supra*, and has submitted the case on appeal (8 CFR 242.9).

The respondent is a native and citizen of Mexico, male, married,

29 years of age, who was admitted to the United States for permanent residence at the port of Nogales, Arizona, on August 17, 1955. He last entered the United States without inspection at the port of San Ysidro, California, on or about July 4, 1959. The respondent was deported to Mexico through the port of Hidalgo, Texas, on September 13, 1956. He was found deportable on the same criminal charge here under consideration. The respondent was again deported through the port of Hidalgo, Texas, June 18, 1958, on the charge that he last entered without inspection. An application for permission to reapply for admission into the United States was denied on November 18, 1958.

Evidence of record establishes that the respondent was convicted on June 18, 1956, in the Superior Court of California (Los Angeles County) on a plea of guilty of the crime of statutory rape.[1] He was sentenced to imprisonment in the Los Angeles County jail for a term of six months, sentence suspended, and probation granted for two years on condition that he pay a fine of $150 to the probation officer in periodic installments.

The respondent's eligibility for voluntary departure under the provisions of section 244(e) of the Immigration and Nationality Act (8 U.S.C. 1254(e)) depends upon whether he is eligible for the waiver provided by Public Law 770 of the 83rd Congress (8 U.S.C. 1182a). Public Law 770 (*supra*) provides, *inter alia*, that "Any alien who is excludable because of the conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of Title 18, United States Code, *by reason of the punishment actually imposed*, . . . may hereafter he [be] granted a visa and admitted to the United States, *if otherwise admissible: Provided*, That the alien has committed only one such offense" (emphasis supplied). We have held that Public Law 770 is applicable to deportation as well as exclusion proceedings. *Matter of C—*, 6—331 (1954); *Matter of H—*, 6—435 (1954).

The examining officer contends that the respondent cannot qualify as a petty offender either under the provisions of the California Penal Code[2] or the provisions of 18 U.S.C. 1,[3] because the offense of which he has been convicted is a felony and not a misdemeanor. The special inquiry officer, on the other hand, reasons that since the punishment "actually imposed" by the trial court was imprisonment in the county jail for a period of six months (suspended) and a fine of $150, the offense is deemed to be misdemeanor pursuant to the

---

[1] The Penal Code of California defines the crime of statutory rape as follows: "Section 261, *Rape—acts constituting*—Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances. 1. Where the female is under the age of 18 years * * *."

(See footnotes on following page)

281

alternate provision of section 264 of the California Penal Code,[4] section 17 of the same code,[2] and 18 U.S.C. 1(3).[3]

The penalty for statutory rape under the California Penal Code[4] is in the alternative and may be either by imprisonment in a county jail for not more than one year or in the state prison for not more than 50 years. The trial judge has the discretion of designating the institution when the defendant enters a plea of guilty.

Here we are confronted with a disjunctive statute which permits the classification of statutory rape either as a felony or a misdemeanor depending upon whether the punishment imposed is imprisonment in the county jail or the state penitentiary. Where a statute includes within its scope both felonies and misdemeanors and is so drawn that each classification is defined in divisible portions of the statute, we will look to the record of conviction and ascertain under which divisible portion of the statute the sentence was imposed and determine therefrom whether the alien has been convicted of a felony or a misdemeanor under the federal statute (18 U.S.C. 1). Cf. *United States* v. *Gill*, 204 F.2d 740, 743 (C.A. 7, 1953).

Looking to the record of conviction, we find that the respondent was sentenced to imprisonment under that portion of section 264 of the California Penal Code which limits the "maximum penalty" that may be imposed to "imprisonment in the county jail for not more than one year." A misdemeanor under 18 U.S.C. 1(1) and 1(2)[3] is an offense other than one "punishable by death or imprison-

---

[3] Section 17 of the California Penal Code provides: "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison . . ."

[3] Title 18, section 1, of the United States Code reads as follows: "*Offenses classified*—Notwithstanding any Act of Congress to the contrary: (1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony. (2) Any other offense is a misdemeanor. (3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

[4] That portion of section 264 pertinent to this proceeding reads as follows: "Where the offense is under subdivision 1, of section 261 of the Penal Code, in which case the punishment shall be either by imprisonment in the county jail for not more than one year or in the state prison for not more than 50 years, and in such case the jury shall recommend by their verdict whether the punishment shall be by imprisonment in the county jail or in the state prison: *Provided*, That when the defendant pleads guilty of an offense under subdivision 1 of section 261 of the Penal Code the punishment shall be in the discretion of the trial court, either by imprisonment in the county jail for not more than one year or in the state prison for not more than 50 years."

ment for a term exceeding one year." The courts have uniformly held that under 18 U.S.C. 1 it is not the actual punishment imposed but that which the statute authorizes which determines whether a crime is a felony or a misdemeanor. *Brede* v. *Powers*, 263 U.S. 4 (1923); *Barde* v. *United States*, 224 F.2d 959 (C.A. 6, 1955); *Cartwright* v. *United States*, 146 F.2d 133 (C.A. 5, 1944).

Since the maximum penalty provided by that portion of section 264, *supra*, here under consideration does not exceed one year, the respondent has been convicted of a misdemeanor within the meaning of 18 U.S.C. 1(1) and 1(2). We conclude, therefore, that the respondent has been convicted of a "misdemeanor classifiable as a petty offense" since the "punishment actually imposed" . . . "does not exceed imprisonment for a period of six months or a fine of not more than $500, or both." (8 U.S.C. 1182a; 18 U.S.C. 1(3)).

The Service maintains that the special inquiry officer has overlooked a prior decision of this Board to the effect that the "maximum punishment provided by the statute is the determining factor as to whether an offense is a felony or a misdemeanor" (*Matter of C—O—*, 8—488 (1959)). This conclusion we have reached in the instant case is in full agreement with our decision in *Matter of C—O—*, *supra*.

The Texas statute under consideration in *Matter of C—O—*, *supra*, was designated a "misdemeanor" and provided a maximum penalty of two years in the county jail or a fine not exceeding $500. The statute provided no alternative as to whether the offense was a misdemeanor or a felony. It was not necessary to look to the record of conviction to ascertain whether the alien had been convicted as a felon or a misdemeanant. We applied the same test in *Matter of C—O—*, *supra*, as we have applied in the instant case to that portion of the California statute which provides the penalty for the offense committed by the respondent.

The respondent herein has committed only one offense and, therefore, comes within the proviso found in Public Law 770, *supra*. The examining officer, assuming, without conceding, that the respondent has been convicted of a crime classifiable as a petty offense, maintains that the respondent is also ineligible for the waiver provided by the statute because he was not "otherwise admissible" to the United States on the occasion of his last entry. The examining officer maintains that at the time of the respondent's last entry on July 4, 1959, he was inadmissible by reason of the fact that he had not secured permission to reapply for admission into the United States after deportation, the fact that he was an immigrant not in possession of an immigration visa and the fact that he last entered without inspection. The fact that respondent last entered the United States without inspection does not affect his admissibility

283

insofar as Public Law 770 is concerned because entry without inspection is a ground for deportation and not exclusion.

We have concluded that under the provisions of 18 U.S.C. 1 and Public Law 770 the respondent has been convicted of a misdemeanor classifiable as a petty offense. We note that the respondent's original deportation on September 6, 1956, was based on the identical criminal charge which we now classify as a petty offense. However, it is a well-established rule that a subsequent interpretation of a law cannot be pleaded to vitiate a prior order of deportation. *United States ex rel. Steffner* v. *Carmichael*, 183 F.2d 19 (C.A. 5, 1950); *United States ex rel. Koehler* v. *Corsi*, 60 F.2d 123 (C.A. 2, 1932). Under the circumstances, the respondent was not "otherwise admissible" at the time of his last entry.

The question before us is whether the respondent's status as an inadmissible alien at the time of his last entry on July 4, 1959, can be cured by a *nunc pro tunc* grant of permission to reapply for admission after deportation from the United States on the identical charge which we now find to be within the purview of 18 U.S.C. 1(3).

It is a basic concept of the Board's appellate jurisdiction that it must do complete justice in a given case and, therefore, must take any action necessary to dispose of a particular case. While this Board does have authority to grant the respondent permission to reapply, *nunc pro tunc*,[5] such action will not dispose of the respondent's inadmissibility at the time of his last entry as an alien immigrant not in possession of a valid unexpired immigration visa or other valid entry document (section 212(a)(20), Immigration and Nationality Act; 8 U.S.C. 1182(a)(20)). The respondent was not eligible for a waiver of documents under the provisions of section 211(b) of the Immigration and Nationality Act (8 U.S.C. 1181(b)) because after deportation and on the occasion of his last entry he was not an otherwise admissible alien returning to an unrelinquished lawful permanent residence in the United States after a temporary absence abroad.

This fact alone renders the respondent ineligible for the waiver provided by Public Law 770, *supra*. The respondent at the time of his last entry must qualify both as a "petty offender" and as an "otherwise admissible" alien. Under the circumstances, the respondent is not eligible for voluntary departure under section 244(e) of the Immigration and Nationality Act (8 U.S.C. 1254(e)) since he is deportable as a criminal alien.

The fact that we have found the respondent ineligible for a waiver of the criminal charge in this proceeding does not bar him from seeking relief under Public Law 770, *supra*, after his return to

---

[5] *Matter of S—N—*, 6—73, 74.

Mexico. He should encounter no difficulty in securing permission to reapply for admission following his departure under an order of deportation. The conviction which rendered him ineligible for a visa in the application denied on November 18, 1958, would be a "petty offense" according to our interpretation and analysis of both the facts and the law in this case.

The appeal of the examining officer will be sustained. An appropriate order will be entered.

**ORDER:** It is directed that the order entered by the special inquiry officer on November 25, 1960, granting the alien voluntary departure in lieu of deportation and providing for his deportation in the event he fails to depart, be and the same is hereby withdrawn.

*It is further ordered* that the alien be deported from the United States in the manner provided·by law on the charges stated in the order to show cause.