MATTER OF C—

In VISA PETITION Proceedings

VP 3-I-119205

*Decided by Board September 5, 1961*

Visa petition—nonquota status—Adopted child—Change in interpretation of law—No authority to grant retroactive approval.

No authority exists to grant retroactive approval of petition to accord non-quota status where petition had been properly denied under the then existing rule of law and change in the interpretation of the law occurred after beneficiary ("adopted child") had reached the age of 21 years.

**BEFORE THE BOARD**

**DISCUSSION:** The case comes before us on motion of counsel requesting that the prior decision of this Board dated March 30, 1960, denying the visa petition be reversed, and that the beneficiary be accorded nonquota immigrant status notwithstanding the fact that he is no longer under 21 years of age. Counsel persists in his appeal notwithstanding that the visa petition has been approved for preference status under section 203(a)(2) of the Immigration and Nationality Act, contending such approval is of dubious value inasmuch as the Chinese quota is oversubscribed.

The petitioner, a native of China, naturalized citizen of the United States, filed a visa petition on October 2, 1957, at the New York office, for nonquota status on behalf of the beneficiary as his adopted child. The beneficiary is a native and citizen of China, born March 8, 1939. The beneficiary had been adopted by the petitioner's wife, with the consent of the petitioner, when about two years of age and had resided solely with the petitioner's wife from 1941 to 1958 when the adoptive mother joined the petitioner in the United States.

The case was previously before us on March 30, 1960, on appeal from the decision of the District Director at New York dated November 24, 1959, denying the visa petition. At that time we denied the visa petition on the authority of *Matter of C—F—L*, 8—151 (Atty. Gen., 1959), which held that for the purposes of section 101(b)(1)(E) of the Immigration and Nationality Act, as amended,

433

the two-year legal custody and residence required of an adopted child must be with both of the adoptive parents where two exist. It is to be noted that at the time of our decision on March 30, 1960, the beneficiary was then over 21 years of age.

Subsequently, the Attorney General had occasion to reconsider his holding in *Matter of C—F—L—*, *supra*, because of several adverse court decisions, and in *Matter of Y—K—W—*, 9—176 (Atty. Gen., Feb. 28, 1961), held that the two-year legal custody and residence requirement imposed upon an adopted child under the provisions of section 101(b)(1)(E) of the Immigration and Nationality Act, as amended, were satisfied when custody and residence have been with but one of the two adoptive parents rather than with both. The visa petition has been reconsidered by the New York office in the light of the Attorney General's latest holding, and approval has been granted for preference status on behalf of the beneficiary under section 203(a)(2) of the Immigration and Nationality Act, as amended, since the beneficiary is an unmarried son over 21 years of age and, therefore, is no longer able to qualify for nonquota status as a minor child.

Counsel argues that due to the oversubscribed condition of the quota for Chinese persons second preference status will be of dubious value to the beneficiary, and that had the case been originally considered in the light of the Attorney General's present view, as expressed in *Matter of Y—K—W—*, *supra*, the petition would have been approved for nonquota status. He requests, therefore, that the petition be approved *nunc pro tunc* for nonquota status.

Counsel cites *Matter of S—*, 8—221, as precedent authority for such action. *Matter of S—*, *supra*, involved a question of acquisition of citizenship by a child born abroad and the action necessary to retain such citizenship, involving an interpretation of the retention provisions of sections 201(g) and (h) of the Nationality Act of 1940 and of section 301(b) of the Immigration and Nationality Act. The Solicitor General confessed error in the Supreme Court despite a favorable decision in the Circuit Court of Appeals and concluded that section 301(c) rendered the general savings clause inapplicable, so that, although a petitioner had lost citizenship under the 1940 Act, he could regain that citizenship under sections 301(b) and (c) of the 1952 Act by coming to the United States before he became 23 years of age. Based upon this holding, it was determined that where such a person was incorrectly informed by an American consular officer before his twenty-first birthday that he had lost United States citizenship, and if, in reliance upon such information and without any lack of diligence, such person did not apply for and receive a United States passport until after his twenty-third birthday but thereafter pro-

ceeded immediately upon passport issuance to this country, that person would be entitled to admission as a United States citizen.

We are sympathetic with the plight in which the beneficiary finds himself, but we do not believe that authority exists to grant a *nunc pro tunc* approval of the visa petition herein. In order to qualify as a child for nonquota status, the beneficiary must be unmarried and under 21 years of age.[1] By regulation, 8 CFR 206.1(b)(4), provision is made for automatic revocation of nonquota status granted a beneficiary as the minor child of a United States citizen upon reaching the age of 21 years, except that such a petition is valid to accord status under section 203(a)(2) of the Act. When we considered this case on appeal on March 30, 1960, the beneficiary was then over 21 years of age, and even at that time had the present view of the Attorney General been in effect we could do nothing more than approve second preference status. There appears to be no authority to grant retroactive approval of a petition to establish nonquota or preference quota status.[2]

It is to be noted that at the time the prior order of denial of the visa petition was entered the rule of law as to the construction to be placed upon section 101(b)(1)(E) of the Immigration and Nationality Act, as amended, was that enunciated by the Attorney General in *Matter of C—F—L*, 8—151 (Apr. 27, 1959). The previous decision of the District Director and of this Board was in accord with the then existing rule of law. The fact that the rule has now been changed does not mean that our prior decision constituted a gross miscarriage of justice.[3] The law and the regulations prevent the issuance of a nonquota visa to the beneficiary and we are unable to find any provisions which expressly or impliedly authorize a retroactive approval of the visa petition in order to grant nonquota status to the beneficiary.

ORDER: It is ordered that the motion be and the same is hereby denied.

---

[1] Section 101(b)(1), 8 U.S.C. 1101(b)(1).

[2] Cf. *Yu* v. *Hurney*, 192 F. Supp. 707 (E.D. Pa., 1961), in which the petitioner sought retroactive approval of third preference quota status for his wife to a date prior to January 1, 1959, in order that the benefits of section 6 of the Act of September 22, 1959 could accrue to her.

[3] *United States ex rel. Steffner* v. *Carmichael*, 183 F.2d 19 (C.A. 5, 1950), cert. den. 340 U.S. 829; *Daskaloff* v. *Zurbrick*, 103 F.2d 579; *United States ex rel. Koehler* v. *Corsi*, 60 F.2d 123; *Matter of S—*, 3—83, 93; *Matter of R—*, 4—173; *Matter of C—*, 8—611.